**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

| | |
|---|---|
| **DAVID BROWNE, ANTONIO CALDWELL, and LUCRETIA HALL,** *on behalf of themselves and all those similarly situated,*<br><br>    **Plaintiffs,**<br><br>**vs.**<br><br>**P.A.M. TRANSPORT, INC,**<br>297 West Henri de Tonti Blvd.<br>Tontitown, AR 72770<br><br>    **and**<br><br>**JOHN DOES 1-10,**<br>c/o P.A.M. TRANSPORT, INC.<br>297 West Henri de Tonti Blvd.<br>Tontitown, AR  72770<br><br>    **Defendants.** | **ANSWER TO FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**Case No. 5:16-cv-05366-TLB** |

**ANSWER OF P.A.M. TRANSPORT, INC. TO FIRST AMENDED
COLLECTIVE AND CLASS ACTION COMPLAINT**

COMES NOW the Defendant P.A.M. Transport, Inc. ("P.A.M."), and hereby answers the

First Amended Collective and Class Action Complaint filed on December 19, 2016

("Complaint") as follows.  P.A.M. uses the same headings as in Plaintiffs' Complaint for ease of

reference only and not as an admission of the truth or accuracy of such headings.

1.      P.A.M. states that paragraph 1 merely characterizes the Complaint and therefore

no response is required.  To the extent a response is required, P.A.M. denies the allegations

contained in paragraph 1 of Plaintiffs' Complaint.  Specifically, P.A.M. denies that Named

Plaintiff Browne, Named Plaintiff Caldwell, and Named Plaintiff Hall, are entitled to represent

1

persons other than themselves and denies that P.A.M. engaged in any wrongdoing, whether under the Fair Labor Standards Act ("FLSA"), Arkansas state statutes, or otherwise.

## INTRODUCTION

2.      P.A.M. states that paragraph 2 merely characterizes the Complaint and therefore no response is required.  To the extent a response is required, P.A.M. denies the allegations contained in paragraph 2 of Plaintiffs' Complaint.

## JURISDICTION AND VENUE

3.      P.A.M. states that paragraph 3 of the Complaint states a legal conclusion and therefore no response is required.  To the extent a response is required, P.A.M. admits the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.      P.A.M. states that paragraph 4 of the Complaint states a legal conclusion and therefore no response is required.  To the extent a response is required, P.A.M. admits that it conducts business in the state of Arkansas.  P.A.M. denies the remaining allegations in paragraph 4, if any.

5.      P.A.M. states that paragraph 5 of the Complaint states a legal conclusion and therefore no response is required.  To the extent a response is required, P.A.M. states that the Complaint was improperly filed in the District Court for the Eastern District of Arkansas and has since been transferred to the District Court for the Western District of Arkansas.  In response to paragraph 5 of Plaintiffs' Complaint, P.A.M. denies that "all" of the acts or omissions alleged in the Complaint occurred in this judicial district.  P.A.M. denies all other allegations in paragraph 5, if any.

## PARTIES

6.      P.A.M.   incorporates paragraphs 1 through 5 above as if fully set forth and repeated herein.

7.      In response to paragraph 7 of Plaintiffs' Complaint, P.A.M. is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

8.      In response to paragraph 8 of Plaintiffs' Complaint, P.A.M. is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

9.      In response to paragraph 9 of Plaintiffs' Complaint, P.A.M. is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

10.     In response to paragraph 10 of Plaintiffs' Complaint, P.A.M. admits that it is incorporated in the state of Arkansas and its business address is 297 West Henri de Tonti Boulevard, Tontitown, Arkansas  72770.

11.     The allegations in paragraph 11 of Plaintiffs' Complaint are not directed at P.A.M.; however, to the extent P.A.M. is required to answer, P.A.M. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint regarding John Does and therefore denies the same.  P.A.M. specifically denies any wrongful policies or practices, denies failing to pay Named Plaintiffs or any others proper compensation, and denies any violation of the FLSA or the Arkansas Minimum Wage Law.

12.     The allegations in paragraph 12 of Plaintiffs' Complaint are not directed at P.A.M; however, to the extent P.A.M. is required to answer, P.A.M. is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint regarding John Does and therefore denies the same.

13.     P.A.M. denies the allegations contained in paragraph 13 of Plaintiffs' Complaint.

## COLLECTIVE ACTION ALLEGATIONS

14.     P.A.M. hereby incorporates paragraphs 1 through 13 above as if fully set forth and repeated herein.

15.     P.A.M. states that paragraph 15 merely characterizes the Complaint and therefore no response is required.  To the extent a response is required, P.A.M. acknowledges that Named Plaintiffs seek to bring this action as a collective action, but denies that certification of this action as a collective action is appropriate.  P.A.M. denies any violations of the FLSA and denies that Named Plaintiffs should be entitled to represent a class of "Collective Action Plaintiffs."

16.     In response to paragraph 16 of Plaintiffs' Complaint, P.A.M. acknowledges that Named Plaintiffs seek to represent a company-wide class of all persons who previously worked for or currently work for P.A.M. as over-the-road truck drivers from December 6, 2013, to present, but denies that such representation is appropriate or that this action should be certified as a collective action under the FLSA.  P.A.M. specifically denies any unlawful pay practices and policies and denies all other allegations contained in paragraph 16, if any.

17.     In response to paragraph 17 of Plaintiffs' Complaint, P.A.M. admits that it employed the Named Plaintiffs, Browne, Caldwell, and Hall, but denies the remainder of the allegations and specifically denies that P.A.M. failed to pay minimum wage as required by FLSA.

18.     P.A.M. denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19.     P.A.M. denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20.     In response to paragraph 20 of Plaintiffs' Complaint, P.A.M. admits that it has records relating to its employees.  P.A.M. denies all other allegations contained in paragraph 20.

21.     P.A.M. denies the allegations contained in paragraph 21 of Plaintiffs' Complaint, including specifically each of the subparts numbered (1) through (7).

22.     P.A.M. denies the allegations contained in paragraph 22 of Plaintiffs' Complaint, including specifically each of its subparts a. through f.  Furthermore, P.A.M. denies that the Named Plaintiffs qualify as representatives for their designated subclass.

23.     P.A.M. denies the allegations contained in paragraph 23 of Plaintiffs' Complaint.

## CLASS ACTION ALLEGATIONS

24.     P.A.M. hereby incorporates paragraphs 1 through 23 above as if fully set forth and repeated herein.

25.     In response to paragraph 25 of Plaintiffs' Complaint, P.A.M. acknowledges that Named Plaintiffs seek to bring this action as a class action, but denies that certification of this action as a class action is appropriate under Rule 23 of the Federal Rules of Civil Procedure.

26.     In response to paragraph 26 of Plaintiffs' Complaint, P.A.M. acknowledges that Named Plaintiffs seek to represent a purported class, but denies that Named Plaintiffs should be allowed to do so and denies that this action should be certified as a class under Rule 23 of the Federal Rules of Civil Procedure.

27.     P.A.M. denies the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.     P.A.M. denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.     P.A.M. denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.     P.A.M. denies the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.     P.A.M. denies the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32.     P.A.M. denies the allegations contained in paragraph 32 of Plaintiffs' Complaint, including specifically each of its subparts (1) through (7).

33.     P.A.M. denies the allegations contained in paragraph 33 of Plaintiffs' Complaint, including specifically each of its subparts a. through g.

34.     P.A.M. denies the allegations contained in paragraph 34 of Plaintiffs' Complaint.

## FACTUAL BACKGROUND

35.     P.A.M. hereby incorporates paragraphs 1 through 34 above as if fully set forth and repeated herein.

36.     P.A.M. denies the allegations contained in paragraph 36 of Plaintiffs' Complaint and specifically denies any unlawful pay system.

37.     P.A.M. denies the allegations contained in paragraph 37 of Plaintiffs' Complaint and specifically denies any unlawful pay system.

38.     In response to paragraph 38 of Plaintiffs' Complaint, to the extent the allegations call for a legal conclusion, P.A.M. is not required to respond.  P.A.M. does not know what Named Plaintiffs mean by "[a]ll over-the-road truck drivers employed by Defendants are deemed to be employed in Arkansas," and P.A.M. therefore does not have sufficient information or belief to admit the allegation, and therefore, denies this allegation contained in paragraph 38 of the Complaint.  As to the subparts of paragraph 38, P.A.M. admits that during the relevant time period over-the-road truck driver payroll was calculated in Arkansas.  P.A.M. denies all remaining allegations contained in paragraph 38 of Plaintiffs' Complaint..

39.     In response to paragraph 39 of Plaintiffs' Complaint, P.A.M. admits that Named Plaintiffs were over-the-road truck drivers employed at various times by P.A.M. between December 6, 2013, to present.  P.A.M. denies that any collective action or class action is

appropriate.  P.A.M. objects to the phrase "subjected to" and denies the remaining allegations in paragraph 39 of Plaintiffs' Complaint.

40.     In response to paragraph 40 of Plaintiffs' Complaint, Named Plaintiff Browne was hired by P.A.M. on August 26, 2004, and left P.A.M.'s employ on December 4, 2015.  All other allegations contained in paragraph 40 are denied.

41.     In response to paragraph 41 of Plaintiffs' Complaint, Named Plaintiff Caldwell was hired by P.A.M. on August 12, 2015, and left P.A.M.'s employ on January 29, 2016.  All other allegations contained in paragraph 41 are denied.

42.     In response to paragraph 42 of Plaintiffs' Complaint, Named Plaintiff Hall was hired by P.A.M. on August 26, 2004, and left P.A.M.'s employ on November 4, 2015.  All other allegations contained in paragraph 42 are denied.

## CAUSE OF ACTION NO. 1
## FAILURE TO PAY MINIMUM WAGE FOR INITIAL ORIENTATION

43.     P.A.M. hereby incorporates paragraphs 1 through 42 above as if fully set forth and repeated herein.

44.     P.A.M. denies the allegations contained in paragraph 44 of Plaintiffs' Complaint.

45.     In response to paragraph 45 of Plaintiffs' Complaint, P.A.M. admits that Named Plaintiff Caldwell and certain newly hired drivers participated in an orientation that covered several subjects, including the rules and procedures of P.A.M.  All other allegations contained in paragraph 45 are denied.

46.     P.A.M. denies the allegations contained in paragraph 46 of Plaintiffs' Complaint.

47.     P.A.M. denies the allegations contained in paragraph 47 of Plaintiffs' Complaint.

48.     P.A.M. admits that following successful completion of orientation, over-the-road truck drivers were employees of P.A.M. and would typically drive over-the-road or on a

7

dedicated route for P.A.M. either solo, with a team driver, or with a mentor driver. All other allegations contained in paragraph 48 are denied.

49.    P.A.M. admits that following successful completion of orientation, over-the-road truck drivers were employees of P.A.M. and would typically drive over-the-road or on a dedicated route for P.A.M. either solo, with a team driver, or with a mentor driver. All other allegations contained in paragraph 49 are denied.

50.    P.A.M. denies the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51.    With reference to the allegations contained in paragraph 51 of Plaintiffs' Complaint, P.A.M. admits that Named Plaintiff Caldwell attended a multi-day orientation. All other allegations contained in paragraph 51 are denied.

## CAUSE OF ACTION NO. 2
## FAILURE TO PAY MINIMUM WAGE TO TEAM-DRIVERS AFTER INITIAL ORIENTATION

52.    P.A.M. hereby incorporates paragraphs 1 through 51 above as if fully set forth and repeated herein.

53.    P.A.M. denies the allegations contained in paragraph 53 of Plaintiffs' Complaint.

54.    With reference to the allegations contained in paragraph 54 of Plaintiffs' Complaint, P.A.M. does not know what Named Plaintiffs mean by "reported their status," and P.A.M. therefore does not have sufficient information or belief to admit the allegations, and therefore, denies the allegations contained in paragraph 54 of the Complaint.

55.    With reference to the allegations contained in paragraph 55 of Plaintiffs' Complaint, Qualcomm messages were received in Arkansas as well as in all of P.A.M.'s terminal locations.

56.    P.A.M. denies the allegations contained in paragraph 56 of Plaintiffs' Complaint.

57.     In response to paragraph 57 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.   P.A.M. denies the remaining allegations in paragraph 57, if any.

58.     In response to paragraph 58 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.   P.A.M. denies the remaining allegations in paragraph 58, if any.

59.     With reference to the allegations contained in paragraph 59 of Plaintiffs' Complaint, P.A.M. admits generally that drivers drive a truck, transport cargo, fuel the truck, and perform other tasks.  All other allegations contained in paragraph 59 of Plaintiffs' Complaint are denied.

60.     P.A.M. denies the allegations contained in paragraph 60 of Plaintiffs' Complaint.

61.     In response to paragraph 61 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.   P.A.M. denies the remaining allegations in paragraph 61, if any.

62.     P.A.M. denies the allegations contained in paragraph 62 of Plaintiffs' Complaint.

63.     In response to paragraph 63 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.   P.A.M. denies the remaining allegations in paragraph 63, if any.

64.     In response to paragraph 64 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.   P.A.M. denies the remaining allegations in paragraph 64, if any.

65.     In response to paragraph 65 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.   P.A.M. denies the remaining allegations in paragraph 65, if any.

66.      P.A.M. denies the allegations contained in paragraph 66 of Plaintiffs' Complaint.

67.     P.A.M. denies the allegations contained in paragraph 67 of Plaintiffs' Complaint.

68.     P.A.M. denies the allegations contained in paragraph 68 of Plaintiffs' Complaint.

69.     In response to paragraph 69 of Plaintiffs' Complaint, P.A.M. is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

70.     In response to paragraph 70 of Plaintiffs' Complaint, P.A.M. is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

71.     P.A.M. denies the allegations contained in paragraph 71 of Plaintiffs' Complaint.

72.     P.A.M. denies the allegations contained in paragraph 72 of Plaintiffs' Complaint.

**CAUSE OF ACTION NO. 3**
**FAILURE TO PAY MINIMUM WAGE TO SOLO-DRIVERS AFTER INITIAL**
**ORIENTATION**

73.     P.A.M. hereby incorporates paragraphs 1 through 72 above as if fully set forth and repeated herein.

74.     P.A.M. admits the allegations contained in paragraph 74 of Plaintiffs' Complaint.

75.     With reference to the allegations contained in paragraph 75 of Plaintiffs' Complaint, P.A.M. does not know what Named Plaintiffs mean by "reported their status," and P.A.M. therefore does not have sufficient information or belief to admit the allegations, and therefore, denies this allegation contained in paragraph 75 of the Complaint.

76.     With reference to the allegations contained in paragraph 76 of Plaintiffs' Complaint, Qualcomm messages were received in Arkansas as well as in all of P.A.M.'s terminal locations.

77.     P.A.M. denies the allegations contained in paragraph 77 of Plaintiffs' Complaint.

78.     In response to paragraph 78 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.   P.A.M. denies the remaining allegations in paragraph 78, if any.

79.     In response to paragraph 79 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.   P.A.M. denies the remaining allegations in paragraph 7, if any.

80.     P.A.M. denies the allegations contained in paragraph 80 of Plaintiffs' Complaint.

81.     P.A.M. denies the allegations contained in paragraph 81 of Plaintiffs' Complaint.

82.     P.A.M. denies the allegations contained in paragraph 82 of Plaintiffs' Complaint.

83.     In response to paragraph 83 of Plaintiffs' Complaint, P.A.M. is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

84.     In response to paragraph 84 of Plaintiffs' Complaint, P.A.M. is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

85.     With reference to the allegations contained in paragraph 85 of Plaintiffs' Complaint, P.A.M. admits generally that drivers drive a truck, transport cargo, fuel the truck, and perform other tasks.  All other allegations contained in paragraph 85 of Plaintiffs' Complaint are denied.

86.     In response to paragraph 86 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.  P.A.M. denies the remaining allegations in paragraph 86, if any.

87.     In response to paragraph 87 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.  P.A.M. denies the remaining allegations in paragraph 87, if any.

88.     In response to paragraph 88 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.  P.A.M. denies the remaining allegations in paragraph 88, if any.

89.     In response to paragraph 89 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.  P.A.M. denies the remaining allegations in paragraph 89, if any.

90.     P.A.M. denies the allegations contained in paragraph 90 of Plaintiffs' Complaint.

91.     P.A.M. denies the allegations contained in paragraph 91 of Plaintiffs' Complaint.

92.     P.A.M. denies the allegations contained in paragraph 92 of Plaintiffs' Complaint.

93.     P.A.M. denies the allegations contained in paragraph 93 of Plaintiffs' Complaint.

**CAUSE OF ACTION NO. 4**
**<u>FAILURE TO PAY FOR COMPENSABLE TRAVEL TIME</u>**

94.     P.A.M. hereby incorporates paragraphs 1 through 93 above as if fully set forth and repeated herein.

95.     In response to paragraph 95 of Plaintiffs' Complaint, P.A.M. admits that, by the very nature of the job, truck drivers are sometimes required to engage in travel during business hours that keeps them away from home overnight.  P.A.M. denies the remaining allegations contained in paragraph 95, if any.

96.     In response to paragraph 96 of Plaintiffs' Complaint, P.A.M. admits that by the very nature of the job, truck drivers are sometimes required to travel to locations that keep them away from home overnight.  P.A.M. denies the remaining allegations contained in paragraph 96, if any.

97.     In response to paragraph 97 of Plaintiffs' Complaint, P.A.M. admits that by the very nature of the job, truck drivers are sometimes required to engage in travel during business hours that keeps them away from home overnight.  P.A.M. denies the remaining allegations contained in paragraph 97, if any.

98.     P.A.M. denies the allegations contained in paragraph 98 of Plaintiffs' Complaint.

99.     In response to paragraph 99 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the

applicable statutes and regulations speak for themselves.   P.A.M. denies the remaining allegations in paragraph 99, if any.

100.   P.A.M. denies the allegations contained in paragraph 100 of Plaintiffs' Complaint

101.   P.A.M. denies the allegations contained in paragraph 101 of Plaintiffs' Complaint.

<b>CAUSE OF ACTION NO. 5</b><br><u><b>COMDATA CARD FEES</b></u>

102.   P.A.M. hereby incorporates paragraphs 1 through 101 above as if fully set forth and repeated herein.

103.   With reference to the allegations contained in paragraph 103, P.A.M. gave drivers the option to be paid via Comdata card.   All other allegations contained in paragraph 103 are denied.

104.   P.A.M. admits the allegations contained in paragraph 104 of Plaintiffs' Complaint for those drivers who elected to be paid via Comdata card however the wages were lawfully paid by P.A.M. when due and all wages paid on Comdata Card are immediately accessible to the drivers.   All other allegations contained in paragraph 104 are denied.

105.   P.A.M. denies the allegations contained in paragraph 105 of Plaintiffs' Complaint.

106.   With reference to the allegations contained in paragraph 106 of Plaintiffs' Complaint, those drivers who elected to be paid via Comdata card signed a form with Comdata which set forth the terms and conditions of the use of the Comdata card.   P.A.M. denies the remaining allegations contained in paragraph 106.

107.   P.A.M. denies the allegations contained in paragraph 107 of Plaintiffs' Complaint.

## CAUSE OF ACTION NO. 6
### UNLAWFUL DEDUCTIONS

108.   P.A.M. hereby incorporates paragraphs 1 through 107 above as if fully set forth and repeated herein.

109.   P.A.M. admits the allegations contained in paragraph 109 of Plaintiffs' Complaint.

110.   P.A.M. denies the allegations contained in paragraph 110 of Plaintiffs' Complaint.

111.   P.A.M. denies the allegations contained in paragraph 111 of Plaintiffs' Complaint.

112.   P.A.M. denies the allegations contained in paragraph 112 of Plaintiffs' Complaint.

## CAUSE OF ACTION NO. 7
### BREACH OF CONTRACT

113.   P.A.M. hereby incorporates paragraphs 1 through 112 above as if fully set forth and repeated herein.

114.   P.A.M. admits the allegations contained in paragraph 114 of Plaintiffs' Complaint.

115.   P.A.M. denies the allegations contained in paragraph 115 of Plaintiffs' Complaint, as stated.

116.   P.A.M. denies the allegations contained in paragraph 116 of Plaintiffs' Complaint.

117.   With reference to the allegations contained in paragraph 117, P.A.M. states any quoted language contained in agreements between any over-the-road driver and P.A.M. speaks for itself.  To the extent a response is required, P.A.M. denies the same.

118.   With reference to the allegations contained in paragraph 118, P.A.M. states any quoted language contained in agreements between any over-the-road driver and P.A.M. speaks for itself.  To the extent a response is required, P.A.M. denies the same.

119.    P.A.M. denies the allegations contained in paragraph 119 of Plaintiffs' Complaint.

120.    P.A.M. denies the allegations contained in paragraph 120 of Plaintiffs' Complaint.

**COUNT I**
**Violations of the Fair Labor Standards Act**
**(Named Plaintiffs and Collective Action Plaintiffs v. Defendants)**
**(Minimum Wage)**

121.    P.A.M. hereby incorporates paragraphs 1 through 120 above as if fully set forth and repeated herein.

122.    In response to paragraph 122 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.  P.A.M. admits that it employed Named Plaintiffs during certain periods of time after December 6, 2013.  P.A.M. denies the remaining allegations in paragraph 122, if any.

123.    In response to paragraph 123 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.  P.A.M. admits that it employed Named Plaintiffs during certain periods of time after December 6, 2013.  P.A.M. denies the remaining allegations in paragraph 123, if any.

124.    In response to paragraph 124 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.   P.A.M. denies the remaining allegations in paragraph 124, if any.

125.    P.A.M. denies the allegations contained in paragraph 125 of Plaintiffs' Complaint.

126.    P.A.M. denies the allegations contained in paragraph 126 of Plaintiffs' Complaint.

127.    P.A.M. denies the allegations contained in paragraph 127 of Plaintiffs' Complaint.

128.   P.A.M. denies the allegations contained in paragraph 128 of Plaintiffs' Complaint.

129.   P.A.M. denies the allegations contained in paragraph 129 of Plaintiffs' Complaint.

130.   P.A.M. denies the allegations contained in paragraph 130 of Plaintiffs' Complaint.

131.   P.A.M. denies the allegations contained in paragraph 131 of Plaintiffs' Complaint.

**COUNT II**
**Violations of the Arkansas Minimum Wage Law**
**(Named Plaintiffs and Class Plaintiffs v. Defendants)**
**(Minimum Wage)**

132.   P.A.M. hereby incorporates paragraphs 1 through 131 above as if fully set forth and repeated herein.

133.   In response to paragraph 133 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.  P.A.M. admits that it employed Named Plaintiffs during certain periods of time after December 6, 2013.  P.A.M. denies the remaining allegations in paragraph 133, if any.

134.   In response to paragraph 134 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.  P.A.M. admits that it employed Named Plaintiffs during certain periods of time after December 6, 2013.  P.A.M. denies the remaining allegations in paragraph 134, if any.

135.   In response to paragraph 135 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.  P.A.M. denies the remaining allegations in paragraph 135, if any.

136.   P.A.M. denies the allegations contained in paragraph 136 of Plaintiffs' Complaint.

137.    P.A.M. denies the allegations contained in paragraph 137 of Plaintiffs' Complaint.

138.    P.A.M. denies the allegations contained in paragraph 138 of Plaintiffs' Complaint.

139.    P.A.M. denies the allegations contained in paragraph 139 of Plaintiffs' Complaint.

140.    P.A.M. denies the allegations contained in paragraph 140 of Plaintiffs' Complaint.

141.    P.A.M. denies the allegations contained in paragraph 141 of Plaintiffs' Complaint.

142.    P.A.M. denies the allegations contained in paragraph 142 of Plaintiffs' Complaint.

**COUNT III**
**Violations of the Arkansas Wage Payment Law**
**(Named Plaintiffs and Comdata Plaintiffs v. Defendant PAM)**
**(Failure to Pay in Currency)**

143.    P.A.M. hereby incorporates paragraphs 1 through 142 above as if fully set forth and repeated herein.

144.    In response to paragraph 144 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves. P.A.M. admits that it employed Named Plaintiffs during certain periods of time after December 6, 2013. P.A.M. denies the remaining allegations in paragraph 144, if any.

145.    In response to paragraph 145 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves. P.A.M. admits that it employed Named Plaintiffs during certain periods of time after December 6, 2013. P.A.M. denies the remaining allegations in paragraph 145, if any.

146.    In response to paragraph 146 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the

applicable statutes and regulations speak for themselves. P.A.M. denies the remaining allegations in paragraph 146, if any.

147. P.A.M. denies the allegations contained in paragraph 147 of Plaintiffs' Complaint.

148. In response to paragraph 148 of Plaintiffs' Complaint, P.A.M. admits those drivers who opted to be paid by Comdata card were paid accordingly. P.A.M. denies the remaining allegations contained in paragraph 148.

149. In response to paragraph 149 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves. P.A.M. denies the remaining allegations in paragraph 149, if any.

150. P.A.M. denies the allegations contained in paragraph 150 of Plaintiffs' Complaint.

151. P.A.M. denies the allegations contained in paragraph 151 of Plaintiffs' Complaint.

152. P.A.M. denies the allegations contained in paragraph 152 of Plaintiffs' Complaint.

153. P.A.M. denies the allegations contained in paragraph 153 of Plaintiffs' Complaint.

154. P.A.M. denies the allegations contained in paragraph 154 of Plaintiffs' Complaint.

155. P.A.M. denies the allegations contained in paragraph 155 of Plaintiffs' Complaint.

## COUNT IV
### Violations of the Arkansas Wage Payment Law
**(Named Plaintiffs and Class Plaintiffs v. Defendants)**
**(Failure to Pay Full Wages on Discharge)**

156. P.A.M. hereby incorporates paragraphs 1 through 155 above as if fully set forth and repeated herein.

157. In response to paragraph 157 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves. P.A.M. admits that it employed Named

Plaintiffs during certain periods of time after December 6, 2013.  P.A.M. denies the remaining allegations in paragraph 157, if any.

158.    In response to paragraph 158 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.  P.A.M. admits that it employed Named Plaintiffs during certain periods of time after December 6, 2013.  P.A.M. denies the remaining allegations in paragraph 158, if any.

159.    In response to paragraph 159 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.  P.A.M. denies the remaining allegations in paragraph 159, if any.

160.    With reference to the allegations contained in paragraph 160, P.A.M. states any quoted language contained in agreements between any over-the-road driver and P.A.M. speaks for itself.  To the extent a response is required, P.A.M. denies the same.

161.    P.A.M. denies the allegations contained in paragraph 161 of Plaintiffs' Complaint.

162.    P.A.M. denies the allegations contained in paragraph 162 of Plaintiffs' Complaint.

163.    With reference to the allegations contained in paragraph 163, P.A.M. states any written agreement between any over-the-road driver and P.A.M. speaks for itself.  To the extent a response is required, P.A.M. denies the same.

164.    In response to paragraph 164 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.  P.A.M. denies the remaining allegations in paragraph 164, if any.

165.   P.A.M. denies the allegations contained in paragraph 165 of Plaintiffs' Complaint.

## COUNT V
### Violations of the Arkansas Common Law
**(Named Plaintiff Caldwell and Deduction Plaintiffs v. Defendant PAM)**
**(Unjust Enrichment)**

166.   P.A.M. hereby incorporates paragraphs 1 through 165 above as if fully set forth and repeated herein.

167.   P.A.M. denies the allegations contained in paragraph 167 of Plaintiffs' Complaint.

168.   In response to paragraph 168 of Plaintiffs' Complaint, P.A.M. states that the allegations constitute a legal conclusion to which it is not required to respond and that the applicable statutes and regulations speak for themselves.   P.A.M. denies the remaining allegations in paragraph 168, if any.

169.   P.A.M. denies the allegations contained in paragraph 169 of Plaintiffs' Complaint.

170.   P.A.M. denies the allegations contained in paragraph 170 of Plaintiffs' Complaint.

## COUNT VI
### Violations of the Arkansas Common Law
**(Named Plaintiffs and Escrow Plaintiffs v. Defendant PAM)**
**(Unjust Enrichment)**

171.   P.A.M. hereby incorporates paragraphs 1 through 170 above as if fully set forth and repeated herein.

172.   P.A.M. denies the allegations contained in paragraph 172 of Plaintiffs' Complaint.

173.   With reference to the allegations contained in paragraph 173, P.A.M. admits it paid interest on over-the-road truck driver's escrow balances on a quarterly basis at varying interest rates.  P.A.M. denies the remaining allegations contained in paragraph 173.

174.   P.A.M. denies the allegations contained in paragraph 174 of Plaintiffs' Complaint.

175.   P.A.M. denies the allegations contained in paragraph 175 of Plaintiffs' Complaint.

## COUNT VII
## Violations of the Arkansas Common Law
### (Named Plaintiffs and Escrow Plaintiffs v. Defendant PAM)
### (Breach of Contract)

176.    P.A.M. hereby incorporates and realleges paragraphs 1 through 175 above as if fully set forth and repeated herein.

177.    P.A.M. denies the allegations contained in paragraph 177 of Plaintiffs' Complaint.

178.    With reference to the allegations contained in paragraph 178, P.A.M. admits it paid interest on over-the-road truck driver's escrow balances on a quarterly basis at varying interest rates.  P.A.M. denies the remaining allegations contained in paragraph 178.

179.    P.A.M. denies the allegations contained in paragraph 179 of Plaintiffs' Complaint.

180.    With reference to the allegations contained in paragraph 180, P.A.M. states any written agreement between any over-the-road driver and P.A.M. speaks for itself.  To the extent a response is required, P.A.M. denies the same.

181.    P.A.M. denies the allegations contained in paragraph 181 of Plaintiffs' Complaint.

182.    P.A.M. denies the allegations contained in paragraph 182 of Plaintiffs' Complaint.

183.    P.A.M. denies the allegations contained in the Plaintiffs' prayer for relief.

184.    P.A.M. denies all allegations contained in Plaintiffs' Complaint not specifically admitted herein.

185.    P.A.M. acknowledges Plaintiffs' demand for trial by jury and likewise demands trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

P.A.M. asserts the following affirmative defenses, subject to a determination of whether such are in fact affirmative defenses or whether they are part of Named Plaintiffs' burden of proof in this matter.

1.      Named Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiffs' state law claims are pre-empted by the Fair Labor Standards Act, the Federal Aviation Administration Authorization Act of 1994 or other applicable federal law.

3.      Named Plaintiffs have been paid all compensation they were due for their employment, and therefore Plaintiffs have no actual damages.

4.      Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions or exceptions provided under the Fair Labor Standards Act.

5.      Plaintiffs' claims against P.A.M. are barred to the extent that Plaintiffs have no employment relationship with P.A.M.

6.      Some or all of the putative Plaintiffs were not employees as defined under the Fair Labor Standards Act and therefore not entitled to minimum wage.

7.      Some or all of the putative Plaintiffs' alleged time is not compensable time under the Fair Labor Standards Act.

8.      The members of the proposed classes have been paid all compensation they were due for their employment, and therefore the proposed class members have no actual damages.

9.      The compensation system of P.A.M. satisfies all requirements and standards established by applicable laws and regulations and such compensation system was properly applied to the compensation received by Named Plaintiffs.

11.     Named Plaintiffs' claims for minimum wage under the federal Fair Labor Standards Act and the Arkansas Minimum Wage Law are barred in whole or in part by the applicable statutes of limitations.

12.     The actions of P.A.M. were in good faith and in conformity with and in reliance on the applicable statutes and the administrative regulations, orders, rulings, approvals, interpretations, and/or administrative practices or enforcement policies of the Wage and Hour Division of the Department of Labor and the Arkansas Department of Labor, and on industry practice.

13.     P.A.M. did not willfully violate the Fair Labor Standards Act or the Arkansas Minimum Wage Law or any other applicable law.

14.     Named Plaintiffs' claims for liquidated damages under the Fair Labor Standards Act and the Arkansas Minimum Wage Law fail because P.A.M. acted in good faith and had reasonable grounds for believing that its alleged acts or omissions were not a violation of the Fair Labor Standards Act or the Arkansas Minimum Wage Law.

15.     Named Plaintiffs should be denied status as representatives of the alleged classes because they are not similarly situated to the members of the proposed classes and do not otherwise meet the requirements for class representatives under 29 U.S.C. § 216(b) or Rule 23 of the Federal Rules of Civil Procedure.

16.     Named Plaintiffs are inadequate representatives of the alleged classes they seek to represent.

17.     The types of claims alleged by Named Plaintiffs are matters which require inherently individualized factual inquiries and in which individual questions predominate, and accordingly, are not appropriate for collective treatment.

18.     Some or all of the claims asserted in Plaintiffs' Complaint are unsuitable for collective treatment because the prosecution of separate actions by members of the proposed classes would not create a risk of individual adjudications which would be dispositive of the

interests of the other proposed class members, and would not substantially impair or impede their ability to protect their interests.

19.     Some or all of the claims asserted in Plaintiffs' Complaint are barred because a collective action is not superior to other available methods for the fair and efficient adjudication of this controversy.

20.     Named Plaintiffs have alleged insufficient facts in support of class certification and cannot establish that this is a proper collective action under 29 U.S.C. § 216(b) or class action under Rule 23 of the Federal Rules of Civil Procedure, and their request for class certification should be denied.

21.     Named Plaintiffs have failed to sufficiently articulate specific policies or practices allegedly unifying their claim and the claims of potential plaintiffs, and therefore, their request for class certification should be denied.

22.     Named Plaintiffs' claims are barred in whole or in part by the doctrines of release, waiver, deduction, setoff, and estoppel.

23.     Named Plaintiffs' damages, if any, resulted in whole or in part from their own action, inaction, conduct, or performance.

24.     Named Plaintiffs' damages, if any, are barred in whole or in part by their failure to mitigate their damages.

25.     Named Plaintiffs' damages, if any, are limited or capped as defined in the Fair Labor Standards Act.

26.     Named Plaintiffs and the alleged classes which they seek to represent, the existence of which is expressly denied, have failed to mitigate their damages, if any.

27.     The certification and trial of this case as a collective action or class action would violate P.A.M.'s rights and protections afforded by the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution.

28.     Named Plaintiffs lack standing to raise some or all of the claims of the alleged classes which they seek to represent.

29.     P.A.M. reserves its right to assert any additional affirmative defenses which may come to its attention during the course of these proceedings.

WHEREFORE, Defendant P.A.M. Transport, Inc. requests that this Court enter judgment in its favor and against Named Plaintiffs and:

(1) Asks the Court to deny Named Plaintiffs' request that this action be certified as a collective or class action and Named Plaintiffs' request that they be appointed as class representatives;

(2) Asks the Court to dismiss with prejudice Named Plaintiffs' entire action, including the Complaint and all claims for relief alleged therein, and to issue a final judgment that Plaintiffs take nothing thereby;

(3) Asks the Court to award P.A.M. its costs and attorneys' fees in defending against this action; and

(4) For all such further and additional relief as the Court deems just and proper.

Respectfully submitted,

P.A.M. TRANSPORT, INC., Defendant

By:  /s/ ROBERT L. JONES, III
Robert L. Jones, III (AR #69041)
Kerri E. Kobbeman (AR #2008149)
Amber J. Prince (AR #2007247)
Conner & Winters, LLP
4375 N. Vantage Dr., Suite 405
Fayetteville, AR 72703
Phone:  (479) 582-5711
Fax:  (479) 587-1426
Email:  bjones@cwlaw.com
Email:  kkobbeman@cwlaw.com
Email:  aprince@cwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was electronically filed with the Clerk of the Court using the CM/ECF System on February 8, 2017, which will serve notice of same on the following:

Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
Joshua S. Boyette, Esq.
Travis Martindale_Jarvis, Esq.
Swartz Swidler, LLC
1101 Kings Hwy. N., Suite 402
Cherry Hill, NJ 08034

/s/ ROBERT L. JONES, III
Robert L. Jones, III

27