

424 CHURCH STREET, SUITE 800
NASHVILLE, TN 37219-2395
TELEPHONE: (615) 244-6538
FACSIMILE: (844) 670-6009
http://www.dickinsonwright.com

M. REID ESTES JR.
REstes@dickinsonwright.com
(615) 620-1737

### FRE 408: FOR SETTLEMENT PURPOSES ONLY

May 31, 2018

**VIA E-MAIL AND U.S. MAIL**

Justin Swidler
Richard Schwartz
Joshua S. Boyette
Travis Martindale-Jarvis
Swartz Swidler, LLC
1101 Kings Hwy N., Suite 402
Cherry Hill, NJ 08034

Re: *Browne et al. v. P.A.M. Transport, Inc.*,
Case No. 5:16-cv-05366-TLB

Dear Counsel:

Pursuant to Federal Rule of Civil Procedure 68, attached is an Offer of Judgment from Defendants to the named and opt-in Plaintiffs as well as the putative Rule 23 class members in the above-styled litigation. As set forth below, Defendants believe this Offer is likely to exceed any sum Plaintiffs could receive on the claims brought in this action, few of which are viable. It reflects numerous assumptions in Plaintiffs' favor made solely for purposes of this Offer which are to be used for no other purpose, which assumptions will not remain available to Plaintiffs if this matter continues in litigation.

This Offer of Judgment is made for purposes of Rule 68 only. Neither it nor any judgment entered hereon shall, in this or any other proceeding, be asserted or construed by Plaintiffs, or any other person or entity, as an admission of any fact, legal conclusion or liability on the part of Defendants. However, evidence of this Offer shall be admissible in a proceeding to determine costs and attorney's fees.

To assist you to confirm the clear sufficiency of this Offer, we set forth the methodology used to calculate the Offer as follows:

- Assumes that Plaintiffs will prevail on the "3/4 Time" FLSA claim in all workweeks during the Recovery Period (as defined below) in which an average of minimum wage was not achieved;

DICKINSON WRIGHT PLLC

Swartz Swidler, LLC
May 31, 2018
Page 2

- Calculates the "3/4 Time" claim using the higher Arkansas minimum wage rate for all opt-ins rather than the federal minimum wage rate (resulting in a recovery of $352,867.00, as opposed to $290,353.00, and an unliquidated net gain of $62,514.00);

- Assumes that Plaintiffs will prevail on the FLSA "Short Breaks" claim;

- Calculates the "Short Breaks" claim using the higher Arkansas minimum wage rate for all opt-ins rather than the federal minimum wage rate (resulting in a recovery of $40,427.00, as opposed to $30,600.00, and an unliquidated net gain of $9,827);

- Assumes the FLSA's 3-year statute of limitations applies, and that the Recovery Period runs from May 5, 2014 through April 6, 2018 (the date of our updated calculations);[1]

- Includes all opt-ins (including those after the cutoff) totaling 2,615 in number, but excludes opt-ins who were only employed for a few days and never actually drove a truck since these individuals do not have earnings and hours information necessary to assess damages, which is why the 2,615 varies from the opt-in list counts;

- Assumes liquidated, or double damages;

- Calculates total FLSA damages for the 2,615 legitimate opt-ins at $786,588.00 ($352,867.00 + $40,427.00 = $393,294 x 2 = $786,588.00);

- Adds an additional $250,000.00 for any and all other claims (for a subtotal of $1,036,588);

- Adds an additional $63,412.00 for no reason other than to round-up to a total of $1,100,000.00;

- Counts per diem payments as earnings; and

- Caps "long" records at 24 hours.

Defendants believe that their offer of an additional $313,412.00 ($250,000.00 + $63,412.00) over and above the FLSA "3/4 Time" and "Short Breaks" claims will greatly exceed any possible recovery on all remaining claims. Defendants do not believe Plaintiffs will succeed in certifying a Rule 23 class action for several reasons, namely: 1) Plaintiffs' attempt to apply Arkansas law extraterritorially to a nationwide class of non-Arkansas residents is, at best, suspect; 2) Defendants believe they will prevail on a dispositive motion challenging Plaintiffs' reliance on certain inapplicable FLSA regulations; and 3) because of the large number of claims brought by Plaintiffs and the unique issues and defenses they raise, individualized issues clearly predominate

---

[1] P.A.M. is in the process of implementing a "fix" which we believe will eliminate future "subminimum wage" workweeks.

Swartz Swidler, LLC  
May 31, 2018  
Page 3

DICKINSON WRIGHT PLLC

over issues common to the class, making certification unlikely. As one example, Antonio Caldwell's claim that he spent an hour fueling but intentionally falsified his log entries in violation of federal law – which appears he was coached up to say – is conclusively discredited by an analysis of his log records to the point of apparent perjury; and 4) there exists no cohesiveness or commonality given the endless array of differences and distinctions among putative class members.[2] For many of these same reasons, we believe that there is a high likelihood that the Plaintiffs' conditionally certified FLSA action will be decertified. Furthermore, Defendants place little to no value on Plaintiffs' "orientation" and "escrow account" claims and, if possible, even less value on Plaintiffs' "sleeper berth" claims. Even if Plaintiffs succeed in getting the "sleeper berth" claim to a jury, Defendants believe there is little chance of success on such a claim, and that pushing such a far-fetched claim to trial will only increase Plaintiffs' exposure for costs (potentially defined to include attorney's fees) for improvidently rejecting this Offer.

Defendants therefore offer Plaintiffs the total sum of **$1,100,000.00** in alleged unpaid wages and damages for all claims brought in this action, plus attorney's fees, costs and expenses as the Court may determine. We trust you will fully advise the Plaintiffs of this offer and give them an opportunity to accept it and terminate their continued participation in this lawsuit.

Pursuant to FRCP 68, this Offer of Judgment shall expire if not accepted by Plaintiffs within fourteen (14) calendar days after service hereof. Finally, please note that, also in accordance with Rule 68, if Plaintiffs obtain a final judgment that is less favorable than this Offer, Defendants will seek to recover all awardable costs (potentially defined to include attorney's fees) incurred after this Offer was made. Further, Defendants will contend that Plaintiffs will be precluded from accruing additional attorney's fees after improvidently rejecting this Offer. *See, e.g., Luo v. L & S*, 2015 U.S. Dist. LEXIS 56236 at *8-9 (E.D. N.Y. Apr. 29, 2015)(offer in excess of recovery "cuts off the continuing exposure for attorneys' fees"); *Cabala v. Crowley*, 736 F.3d 226, 230 (2nd Cir. 2013). This letter should be deemed inadmissible, except Defendants reserve the right to submit it to the Court in opposition to any application for attorney's fees relating to your representation of Plaintiffs.

Very truly yours,

M. Reid Estes Jr.

MRE/mc  
Enclosure

cc: P.A.M. Defense Counsel  
NASHVILLE 27403-20 640936v1

---

[2] We believe there are far more individualized inquiries and variables among drivers in the instant litigation than in *Harris et al v. Express Courier International, Inc.*, in which Judge Brooks decertified the FLSA collective action and denied certification under Rule 23.