# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHILIP PETRONE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC; <br><br> Defendants. | **MEMORANDUM AND ORDER** <br><br> 8:11CV401 |
| PHILIP PETRONE, et al.; <br><br> Plaintiffs, <br><br> vs. <br><br> WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC, <br><br> Defendants. | 8:12CV307 |

This matter is before the Court on the Motion to Clarify, or in the alternative, Motion to Decertify Plaintiffs' Sleeper Birth Claims, ECF No. 406 in Case No. 11cv401, ECF No. 308 in Case No. 12cv307, filed by Defendants Werner Enterprises, Inc. and Drivers Management, LLC. For the reasons stated below, the Motion to Clarify will be granted in accordance with this Memorandum and Order, but will be denied as to the ultimate relief it seeks.[1]

# BACKGROUND

---

[1] Because the Motions and related documents are identical in both cases, the Court will omit reference to the ECF filing numbers in Case No. 8:12cv307. Unless otherwise indicated, all references to the record before the Court will be to filings in Case No. 8:11cv401.

A detailed recitation of the factual and procedural background of this case is set forth in several of the Court's orders, including the Memorandum and Order dated February 2, 2017 (the "Revised Order"). ECF No. 405. The Court incorporates its previous recitation and adds the following by way of summary.

In the Revised Order, the Court granted, in part, Werner's Motion to Revise the Court's prior rulings. See ECF Nos. 400, 405. The Court revised its prior grant of summary judgment to Plaintiffs on the issue of liability, concluding that the implementing regulations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, created a presumption that the time drivers log in a sleeper berth is off-duty time and therefore non-compensable. See Revisal Order, ECF No. 405, Page ID 42157; see also 29 C.F.R. § 785.41. The Court further concluded that non-compensable sleeper-berth time was limited to 8 hours under 29 C.F.R. § 785.22(a) only when it was shown that employees were continuously on duty, even when sleeping. See id. The Court also revised its previous ruling to find that no reasonable jury could conclude that Plaintiffs were entitled to liquidated damages on their sleeper-berth claims. However, the Court declined to revise its prior rulings as to the admissibility of the testimony of Richard Kroon, Plaintiffs' damages expert. The Court reasoned that Werner's objections went to Kroon's credibility rather than the admissibility of his testimony.

The Court also declined to decertify the class of 50,000 drivers as to Plaintiffs' sleeper-berth claims. The Court concluded that, based on the allegations and evidence before the Court, Plaintiffs' sleeper-berth claims centered on a common policy. The Court noted that at the summary judgment stage, there was no indication that proof of such a policy would need to be individualized.

2

**DISCUSSION**

In Werner's Motion, styled as a motion to clarify, Werner asks the Court to hold that Werner is entitled to summary judgment on Plaintiffs' sleeper-berth claims. In the alternative, Werner argues that the class should be decertified because Plaintiffs lack class-wide proof to support their sleeper-berth claims. To the extent Werner seeks clarification of the Revised Order, the motion is granted. However, Werner also seeks relief in its Motion to Clarify that it did not seek in the Motion to Revise. As to those matters, the Court will not alter the ultimate conclusion in the Revised Order.

**I. Summary Judgment on Plaintiffs' Claims**

Werner argues it is entitled to summary judgment on Plaintiffs' sleeper-berth claims because the Court has rejected Plaintiffs' theory that sleeper-berth time in excess of 8 hours is compensable as a matter of law. Werner further argues that Plaintiffs lack evidence of the damages that would be owed if drivers are only entitled to payment for on-call sleeper-berth time. The Court will not "clarify" its Revised Order to grant summary judgment to Werner at this late stage.

The Court first notes that in Werner's Motion to Revise, Werner did not directly ask the Court to enter summary judgment in Werner's favor. This Court's local rules require that a moving party state "the specific relief requested." NECivR 7.1(a). Werner's Motion to Revise requested the following relief:

> WHEREFORE, Werner asks the Court to revise its orders granting Plaintiffs' motion for partial summary judgment on liability, denying Werner's motion for summary judgment on willfulness, denying Werner's motion to exclude Kroon's testimony and calculations, and denying Werner's motion to decertify the class.

3

Motion to Revise, ECF No. 399, Page ID 42043. In its motion, Werner asked the Court to revise its previous holding that Plaintiffs were entitled to summary judgment. The Court granted that request. Werner further asked the Court to enter summary judgment on Plaintiffs' willfulness claims. *See* ECF No. 400. The Court also granted that request. The Revised Order did not address whether Werner was entitled to summary judgment on Plaintiffs' sleeper-berth claims because such relief was not specifically requested in Werner's Motion.

In ruling on the parties' cross motions for summary judgment, the Court stated that "[f]or the purposes of 29 C.F.R. § 785.22, Werner's student drivers are on duty for 24 hours or more when on the road training." Memorandum and Order on Summary Judgment ("SJ Order"), ECF No. 347, Page ID 20559-60. The Court's conclusion had both a legal basis and a factual basis. *See id.*, Page ID 20558-20559 (stating that the 8-hour limit in § 785.22 applied to truck drivers and discussing evidence that suggested students were required to be on duty continuously during training). The Court revised the legal basis for the SJ Order, concluding that § 785.22 limits compensable sleep time only when it is shown that employees were continuously on duty, even when sleeping. Revisal Order, ECF No. 405, Page ID 42157.

The Court also addressed the factual basis for the SJ Order, concluding that the factual record was insufficient to demonstrate that Plaintiffs were entitled to judgment as a matter of law. *Id.* However, the Court did not address whether Plaintiffs' evidence was sufficient to support their claims because that issue was not directly before the Court. However, the Court recognized that under Eighth Circuit case law, whether "sleep time must be compensated in a particular case is a question of fact," which "involves scrutiny

4

and construction of the agreements between the particular parties, appraisal of their practical construction of the working agreement by conduct, consideration of the nature of the service, and its relation to the waiting time, and all of the surrounding circumstances[.]" *Bouchard v. Regional Governing Bd. of Region v. Mental Retardation Servs.*, 939 F.2d 1323, 1327 (8th Cir. 1991); *see also Hultgren v. Cnty. of Lancaster*, 913 F.2d 498, 504 (8th Cir. 1990). The Court determined, therefore, that a jury must determine whether the sleeper berth time claimed in this case must be compensated.

The Court acknowledges that Werner suggested in its briefing that if the Court revised its ruling, Plaintiffs' claims should be dismissed. This relief, not specifically requested in the Motion to Revise, was based on Werner's legal argument that the language of 29 C.F.R. § 785.41 categorically renders all time logged in the sleeper berth as non-compensable. The Court concluded, however, that sleeper-berth time is not categorically non-compensable. Rather, under § 785.41, time logged in a sleeper berth creates a presumption that such time is non-compensable, and that presumption can be overcome in this case only by a showing that Plaintiffs were continuously on-duty, even while in the sleeper berth. Thus, even if the Court were to consider Werner's request as incorporated in its Motion to Revise, the Court did not adopt Werner's legal argument supporting its request to dismiss Plaintiffs' claims. Rather, the Court concluded that Plaintiffs were not entitled to summary judgment on their claims, and that genuine issues of fact remained as to whether Plaintiffs could rebut the presumption of non-compensability. Revised Order, ECF No. 405, Page ID 42157.

Werner also asserts that the Court has already ruled that the sleeper-berth claim certified was limited to whether sleeper-berth time beyond 8 hours per day was

5

compensable as a matter of law. In support of its contention, Werner cites to the Court's Memorandum and Order in Case No. 8:12cv307, dated July 10, 2013 (the "Certification Order"). Case No. 8:12cv307, ECF No. 52, Page ID 1068. In the Certification Order, the Court addressed whether the class could be certified under Federal Rule of Civil Procedure 23. The Court did not expressly state that Plaintiffs' claims were limited to their legal argument that non-compensable time is limited to 8 hours per day. The Court summarized Plaintiffs claims:

> Plaintiffs contend that all employees who participated in the Student Driver Program were subject to a common compensation calculation system that was programmed to consider only the time for which the drivers indicated they were "on duty" and to exclude from calculations any time for which the drivers indicated they were "off duty." Plaintiffs contend that such a system is problematic because the drivers were instructed to log "on duty" and "off duty" time in accordance not with statutory wage definitions or contractual compensation arrangements but with definitions used by the Department of Transportation to limit the amount of time that a particular driver is allowed to drive without rest.

Certification Order, Page ID 1068-69.

Werner argues that Plaintiffs have asserted throughout this litigation that their claim was limited to the legal argument of whether off-duty time logged in the sleeper berth was compensable as a matter of law, regardless of what the driver was doing during that time. Case No. 12cv307, ECF No. 49, Page ID 1048. Werner asserts that it would be a "miscarriage of justice" to permit Plaintiffs to proceed to trial on their factual claims that Werner required Plaintiffs to be on duty continuously for 24 hours per day. According to Werner, its entire trial strategy is based on Plaintiffs' repeated representations that they were not claiming that drivers had work responsibilities while logged off-duty in the sleeper berth. ECF No. 421, Page ID 42263.

6

Werner cannot claim surprise that Plaintiffs' claim could proceed on the factual argument that Plaintiffs were required to be on duty continuously. In its brief supporting its Motion to Revise, Werner stated:

> Werner respectfully submits that even under Plaintiffs' theory there is, at the very least, a genuine dispute of material fact as to whether each of the over 50,000 drivers in the class was on duty continuously for 24 hours or more at any point in the student driver program.

ECF No. 401, Page ID 42046. The Court granted this request in its Revised Order. Thus, Plaintiffs' factual assertion does not result in surprise or undue prejudice to Werner. The Court agreed with Werner's argument that a factual issue remains and revised the Court's previous grant of summary judgment to Plaintiffs.

At this late stage, and for the reasons set forth in the Revised Order, issues of fact remain as to whether Plaintiffs may succeed on their sleeper-berth claims. Under the plain language of § 785.41, time logged in the sleeper berth is presumably non-compensable under the FLSA. Thus, the question of whether Plaintiffs' sleeper-berth time must be compensated, a question of fact, is properly left for the jury. *See Bouchard*, 939 F.2d at 1327.

Werner also moves for partial summary judgment on the issue of damages because Plaintiffs failed to produce any damages based on whether drivers were continuously on-duty while in the sleeper berth. Specifically, Werner argues that Plaintiffs' expert did not consider whether, and, if so, for how long, drivers were working when computing Plaintiffs' sleeper-berth damages. Werner's arguments go to the credibility of Plaintiffs' expert rather than admissibility of his testimony. Plaintiffs acknowledge that their claim is that Werner's student driver program required drivers to

be on-duty continuously for 24-hour shifts and that Werner did not pay for such time. If Plaintiffs overcome the presumption in this case that sleeper-berth time is not compensable, then their damages evidence may be relevant. Accordingly, the Court will not grant partial summary judgment on this issue.[2]

## II. Motion to Decertify the Class

Werner moves, in the alternative, to decertify the class because Plaintiffs lack proof of a common policy that required student drivers, as a class, to be on duty continuously, even when in the sleeper berths. Werner acknowledged in its Motion to Clarify that in its Motion to Revise, "Werner did not articulate the specific reasons why Plaintiffs' sleeper berth claims should be decertified." ECF No. 406, Page ID 42167. Nevertheless, Werner now argues that because the Court found Werner's sleeper-berth pay policy was lawful, Plaintiffs must prove Werner enforced that policy in an unlawful manner, which requires individualized evidence not suitable for class-wide treatment.

The Court notes that it has not held that Werner's sleeper-berth pay policy was lawful as a matter of law. Rather, the Court held that time logged in the sleeper berth is presumptively non-compensable. Accordingly, to succeed on their claim, Plaintiffs must prove Werner failed to pay for sleeper-berth time but required drivers to perform work or remain on call while logged off-duty in the sleeper berth. *See, e.g., Watson v. Surf-Frac Wellhead Equip. Co.*, Case No. 4:11-cv-00843, 2013 U.S. Dist. LEXIS 143195, at *3 (E.D. Ark. Oct. 3, 2013) (stating that because the employer's policy did not violate the FLSA on its face, the plaintiffs would be required to prove the policy was applied in an

---

[2] If Plaintiffs are unable to meet their evidentiary burden on any issue raised in the Motion to Clarify, Werner may be heard on a motion under Federal Rule of Civil Procedure 50.

8

unlawful manner); *Hamilton v. Diversicare Leasing Corp.*, Case No. 12-cv-1069, 2014 U.S. Dist. Lexis (W.D. Ark. Oct. 1, 2014) (noting that where the employer's pay policy was facially lawful, the plaintiffs must offer evidence of a "policy-to-violate-the-policy," to prove "that there was a disconnect between the written policy and what happens in practice.")

The Court remains satisfied at this stage of the proceedings that Plaintiffs have attacked a common policy: Werner's alleged failure to pay for sleeper-berth time while requiring drivers to perform work or remain on call when logged off-duty in sleeper berths. Yet Plaintiffs cannot prove a common policy based on the experience of a handful of drivers. Instead, Plaintiffs must demonstrate that Werner had a specific policy, equally applicable to all members of the class, that required Plaintiffs to be on-duty continuously. *See Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 797 (8th Cir. 2014), *aff'd and remanded,* 136 S. Ct. 1036 (2016). The record before the Court demonstrates that even if drivers varied in their individual routines, Plaintiffs' complaint "is not 'dominated by individual issues' such that "the varied circumstances . . . prevent 'one stroke' determination.'" *Id.* at 797 (quoting *Luiken v. Domino's Pizza, LLC,* 705 F.3d 370, 376 (8th Cir. 2013)).

In its Revised Order, the Court declined to decertify Plaintiffs' sleeper-berth claims "at this time," stating "Plaintiffs' claims still appear to revolve around a common policy" and "although . . . Plaintiffs [must] prove that the class was required to be continuously on duty for 24-hour shifts, . . . there is no indication that such proof would need to be individualized." ECF No. 405, Page ID 42159. Accordingly, the Court will not decertify the class at this stage.

9

## CONCLUSION

To the extent Werner requests clarification of the Court's Revised Order, that request is granted and the Court has provided the above clarification. With respect to the ultimate relief Werner requests, *i.e.* a grant of summary judgment and/or decertification of the class, Werner's Motion to Clarify is denied.

IT IS ORDERED:

1. The Motion to Clarify, or in the alternative, Motion to Decertify Plaintiffs' Sleeper Birth Claims, ECF No. 406 in Case No. 11cv401, ECF No. 308 in Case No. 12cv307, is granted insofar as clarification is provided in this Memorandum and Order; and

2. The Motion is otherwise denied.

Dated this 9th day of May, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge