US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

OCT 16 2018

DOUGLAS F. YOUNG, Clerk
By
    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID BROWNE; ANTONIO CALDWELL; and
LUCRETIA HALL, on behalf of themselves
and all those similarly situated                                      PLAINTIFFS

V.                              CASE NO. 5:16-CV-5366

P.A.M. TRANSPORT, INC.                                                DEFENDANT

## OPINION AND ORDER

Currently before the Court are Plaintiffs David Browne's, Antonio Caldwell's, and Lucretia Hall's Motion to Strike or Otherwise Invalidate Defendants' Attempted Rule 68 Offer of Judgment (Doc. 65) and Memorandum of Law in Support (Doc. 65-1), and Defendant P.A.M. Transport Inc.'s ("PAM") Brief in Response (Doc. 66). For the reasons given below, Plaintiffs' Motion is **DENIED**.

Plaintiffs' operative complaint in this case asserts claims against PAM under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Law ("AMWL"). *See* Doc. 7. The case was brought as a putative collective action under the FMLA and a putative class action under Fed. R. Civ. P. 23. *See id.* In May of 2017, this Court conditionally certified the collective action, *see* Doc. 19, and around three thousand individuals subsequently opted in as plaintiffs in the collective action, *see generally* Docs. 21–39, 42–46. The deadline for Plaintiffs to move for class certification under Rule 23 is October 19, 2018. *See* Doc. 79.

On May 31, 2018, PAM conveyed an offer of judgment to Plaintiffs under Fed. R. Civ. P. 68. Rule 68 provides a mechanism by which "a party defending against a claim

1

may serve on an opposing party an offer to allow judgment on specified terms," which, if accepted, must then be entered by the Clerk of the Court. See Fed. R. Civ. P. 68(a). But unlike with ordinary settlement offers, if an offer of judgment under Rule 68 is rejected and then "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." See Fed. R. Civ. P. 68(d).

Plaintiffs contend that PAM's May 31 offer of judgment is invalid, because it purports to bind putative Rule 23 class members even though this Court has not yet certified any Rule 23 class. This contention rests on two related arguments: first, that a putative class member is not an "adverse party" as required by Rule 68,[1] and second, that the Court cannot enter judgment on behalf of absentee class members. The Court has been unable to find any binding authority that squarely addresses these issues. But the Court thinks the greater weight of persuasive authority runs counter to Plaintiffs' arguments here.

Putative class members may not be legally bound by putative class representatives before a class is certified. See *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013). But this does not mean defendants against putative class actions may not make class-wide settlement offers before a class has been certified. Rule 23 permits certified class actions to be settled so long as the Court conducts certain steps designed to provide affected class members notice and an opportunity to be heard regarding the proposed settlement, including conducting a hearing on the matter and

---

[1] Rule 68 was restyled in 2007 to refer to "an opposing party" rather than "the adverse party." This change was intended to be purely stylistic—not substantive. See Advisory Committee Note on 2007 Amendment to Fed. R. Civ. P. 68.

finding that the proposed settlement "is fair, reasonable, and adequate." See Fed. R. Civ. P. 23(e). Thus, federal district courts (including this one) routinely preside over cases in which parties to putative class actions reach tentative pre-certification settlement agreements that are subject to certification and court approval under Rule 23(e).

Plaintiffs cite five cases that explicitly or implicitly recognize that Rule 68 offers of judgment are invalid when made only with respect to *individual* claims (rather than to the claims of the putative class as a whole) while the issue of class certification is pending. See Silva v. Nat'l Telewire Corp., 2000 WL 1480269, at *1 (D.N.H. Sept. 22, 2000) ("[I]t would be inappropriate to compel the plaintiff to settle his individual claim against the defendant while the issue of class certification is pending."); see also Greisz v. Household Bank (Ill.), N.A., 176 F.3d 1012, 1015 (7th Cir. 1999); Ambalu v. Rosenblatt, 194 F.R.D. 451, 453 (E.D.N.Y. 2000); cf. Abrams v. Interco Inc., 719 F.2d 23, 25–26 (2d Cir. 1983) (discussing plaintiffs' concern that accepting individual offers of judgment after denial of class certification might waive issue of class certification for appeal); Caston v. Mr. T's Apparel, Inc., 157 F.R.D. 31, 32–33 (S.D. Miss. Aug. 25, 1994) (recognizing that representatives of a putative class have a fiduciary obligation towards members of the putative class even where the class has not been officially certified). However, none of these cases say anything about the propriety of Rule 68 offers of judgment that are made not only with respect to individual plaintiffs but also to the putative classes they seek to represent.

Plaintiffs also cite to one case holding that when a Rule 68 offer of judgment is made after an FLSA collective action is certified but before the deadline has expired for additional plaintiffs to opt in, that Rule 68 offer is not binding as to plaintiffs who had not

3

yet opted in at the time the offer was made. *See Morales-Arcadio v. Shannon Produce Farms*, 237 F.R.D. 700, 701–02 (S.D. Ga. 2006). But that is not the procedural posture where we find ourselves in the instant case. Here, the opt-in period had already expired when PAM made its Rule 68 offer, so there would be no inconsistency with *Morales-Arcadio* in holding PAM's offer valid with respect to the individual and opt-in Plaintiffs in this case.

PAM, for its part, cites several cases holding that it is not improper to enforce Rule 68 offers of judgment that are made with respect to an entire putative class (rather than only to individual plaintiffs). The reasoning provided in these cases is that when an offer of judgment is made to an entire putative class, any potential conflict between the mandates of Rules 23 and 68 is eliminated so long as the court certifies a class, provides notice to its members, and conducts a fairness analysis under Rule 23(e) before accepting and entering the proposed judgment. *See, e.g., Gilmore v. USCB Corp.*, 323 F.R.D. 433, 436 n.6 (M.D. Ga. 2017); *Spice v. Blatt, Hasenmiller, Leibsker & Moore, LLC* 2017 WL 4129743, at *2 (N.D. Ind. Sept. 19, 2017); *Kaymark v. Uren Law Offices, P.C.*, 2017 WL 1136108, at *1 (W.D. Pa. Mar. 27, 2017); *Johnson v. U.S. Bank Nat'l Ass'n*, 276 F.R.D. 330, 334 (D. Minn. 2011); *McDowall v. Cogan*, 216 F.R.D. 46, 51 (E.D.N.Y. 2003). This Court agrees with the reasoning of those cases. This Court also agrees with Professors Wright, Miller, and Marcus that "in class actions the court has an independent duty under rule 23(e) to decide whether a settlement is acceptable, and Rule 68 cannot remove that authority and duty." 12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 3005 (3d ed. 2014). In other words, if Plaintiffs were to accept a Rule 68 offer of judgment from PAM that purports to bind putative class

members, this Court would not enter the agreed-to judgment unless and until it certified the proposed class(es) and followed the procedures set forth in Rule 23(e) for approval of class settlement agreements.

So as to the question of whether any putative class members will be bound, unfairly or otherwise, by a judgment in their absence—they will not be. Similarly, as to the question of whether putative class members are "opposing parties" for purposes of Rule 68—either they will have become "opposing parties" who are actually-certified class members that received notice and an opportunity to be heard by the time any class settlement is approved under Rule 23(e), or otherwise they will not be bound the judgment. It seems, then, that the real question lurking beneath all of this might be whether it would be proper for Plaintiffs to be required to pay PAM's costs under Rule 68(d) if they were ultimately to obtain a judgment that is less favorable than PAM's pre-class-certification Rule 68 offer. However, Plaintiffs have not explicitly framed the matter that way, and no motion for costs is presently before the Court. Thus that issue is not ripe at this time. But on the issue that *is* presently ripe, the Court finds it would not be appropriate to "strike or otherwise invalidate" PAM's Rule 68 offer of judgment.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Strike or Otherwise Invalidate Defendants' Attempted Rule 68 Offer of Judgment (Doc. 65) is **DENIED**.

**IT IS SO ORDERED** on this **16th** day of October, 2018.

///signature///
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE