IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| DAVID BROWNE, ANTONIO CALDWELL, and LUCRETIA HALL, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>P.A.M. TRANSPORT, INC.,<br>297 West Henri de Tonti Blvd.<br>Tontitown, AR  72770<br><br>and<br><br>JOHN DOES, 1-10<br>c/o P.A.M. TRANSPORT, INC.<br>297 West Henri de Tonti Blvd.<br>Tontitown, AR  72770<br><br>Defendants. | Case No. 5:16-cv-05366, TLB |

**MEMORANDUM IN SUPPORT OF DEFENDANT P.A.M. TRANSPORT, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE FLSA CLAIMS OF CERTAIN OPT-IN PLAINTIFFS**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 7.2(a), Defendant P.A.M. Transport, Inc. ("PAM") files this Memorandum in Support of its Motion for Partial Summary Judgment on the FLSA Claims of Certain Opt-in Plaintiffs.

## LAW AND ARGUMENT

Section 216(b) of the FLSA provides the right for an individual to maintain an action on behalf of himself and other employees similarly situated, however, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).

Under the FLSA, the claim of a putative opt-in plaintiff is forever barred unless he or she joins the action within two years in the case of a non-willful violation or three years in the case of a willful violation. 29 U.S.C. § 255(a). In contrast to Rule 23 class actions where the claims of putative class members are tolled upon the filing of the complaint, putative FLSA class members are required to "opt in" by filing a written consent to join, and the consent filing date is the date on which their suit was commenced for statute of limitation purposes. *Resendiz-Ramirez v. P&H Forestry, LLC*, 515 F.Supp.2d 937, 939 (W.D. Ark. 2007); *Davenport v. Charter Communications, LLC*, No. 4:12CV00007 AGF, 2017 WL 878029 at *10 (E.D. Mo. March 6, 2017); and *Putnam v. Galaxy 1 Marketing, Inc.*, 276 F.R.D. 264, 275 (S.D. Iowa 2011).

On December 9, 2016, Plaintiffs David Browne, Antonio Caldwell and Lucretia Hall instituted this action on behalf of themselves and current and former over-the-road drivers who worked for PAM. *Doc. 1, Complaint, ¶ 17.* In the Complaint, Plaintiffs allege that PAM failed to pay minimum wage in some workweeks to Plaintiffs and the collective class in violation of the Fair Labor Standards Act ("FLSA"). *Id.*

In this case, 314 Opt-in Plaintiffs filed consents to join this action more than three years after their employment ended with PAM. While PAM denies that it violated the FLSA, and further denies that any alleged violation of the FLSA was willful, even assuming *arguendo* that PAM willfully violated the FLSA, the claims of these individuals are time-barred as a matter of law.

Filed contemporaneously with PAM's Motion and this Memorandum are PAM's Statement of Material Facts to Which There is no Genuine Issue to be Tried and the Declaration of Dustin Mixon (with exhibited spreadsheets), containing the names of the 314 Opt-in Plaintiffs at issue, their termination date from PAM and the dates their consents were filed with the Court.

As reflected therein, there is no genuine issue of material fact that the 314 Opt-in Plaintiffs filed their consents more than three years after their last date of employment with PAM.

Based on the foregoing, PAM moves for an order granting partial summary judgment as to these individuals finding that their claims under the FLSA are time-barred as a matter of law.

                                            Respectfully Submitted,

                                            CONNER & WINTERS, LLP

                                            s/ Robert L. Jones, III
                                            Robert L. Jones, III, AR #69041
                                            Kerri E. Kobbeman, AR #2008149
                                            Amber J. Prince, AR #2007247
                                            4375 N. Vantage Drive, Suite 405
                                            Fayetteville, AR  72703
                                            (479) 582-5711
                                            (479) 587-1426 (fax)
                                            bjones@cwlaw.com
                                            kkobbeman@cwlaw.com
                                            aprince@cwlaw.com


                                            DICKINSON WRIGHT PLLC

                                            /s/ Martin D. Holmes
                                            M. Reid Estes, Jr., BPR #9043
                                            Peter F. Klett, BPR #12688
                                            Martin D. Holmes, BPR #12122
                                            424 Church Street, Suite 800
                                            Nashville, TN  37219
                                            (615) 620-1737
                                            (844) 670-6009 (fax)
                                            restes@dickinsonwright.com
                                            pklett@dickinsonwright.com
                                            mdholmes@dickinsonwright.com

/s/ K. Scott Hamilton
500 Woodward Avenue
Suite 4000
Detroit, MI  48226-3425
(313)-223-3500
khamilton@dickinsonwright.com

*Attorneys for the Defendant P.A.M. Transport, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading was electronically filed with the Clerk of the Court using the CM/ECF System on November 4, 2019, which will serve notice of same on the following:

Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
Joshua S. Boyette, Esq.
Travis Martindale Jarvis, Esq.
Swartz Swidler, LLC
1101 Kings Hwy. N., Suite 402
Cherry Hill, NJ 08034

/s/ Martin D. Holmes
Martin D. Holmes

NASHVILLE 27403-20 711666v1