IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID BROWNE, ANTONIO
CALDWELL, and LUCRETIA HALL,
on behalf of themselves and others
similarly situated                                                    PLAINTIFFS

V.                                    CASE NO. 16-CV-5366

P.A.M. TRANSPORT, INC., et al.                                        DEFENDANTS

## OPINION AND ORDER

Defendant P.A.M. Transport, Inc. ("PAM") has filed a Motion for Partial Reconsideration of the Court's Memorandum Opinion and Order on Defendant's Motion to Exclude Dr. Steve Viscelli. (Doc. 198). PAM seeks permission to designate a sur-rebuttal expert on the trucking industry in addition to the sur-rebuttal survey expert PAM has already been permitted. For the following reasons, PAM's Motion is **DENIED**.

The default deadlines for expert disclosures laid out in Rule 26(a)(2) of the Federal Rules of Civil Procedure are only applicable in the absence of deadlines set by the Court. This Court set its own deadlines for initial and rebuttal expert disclosures in the Case Management Order. (Doc. 104). Since sur-rebuttal experts were not contemplated in the Court's Order, PAM was not entitled to an expert to rebut Dr. Viscelli's report. It was within the Court's discretion to deny PAM *any* additional rebuttal expert after the October 14 deadline had passed. *See Eckelkamp v. Beste*, 315 F.3d 863, 872 (8th Cir. 2002) (finding that the district court did not abuse its discretion in denying party's request to file a rebuttal expert report when rebuttals were not provided for in the court's scheduling order). However, because PAM's Motion to Exclude (Doc. 149), filed on November 4, 2019,

1

disclosed Dr. Kristen Backor's identity and a statement of the facts and opinions to which she would testify, in compliance with Rule 26(a)(2)(C) and within the time period contemplated by Rule 26(a)(2)(D)(ii), and because Plaintiffs did not oppose PAM's designation of Dr. Backor as a sur-rebuttal expert, the Court, in its discretion, granted that portion of PAM's motion. At that time, PAM did not provide the disclosures required by Rule 26(a)(2) for any other proposed sur-rebuttal witness. Therefore, any further expert PAM seeks to offer now is neither contemplated by the Court's order nor within the default period of Rule 26(a)(2)(D)(ii) and will not be permitted.

Nor does the Court find that PAM will be unfairly prejudiced or that the interests of justice require that the pending Motion be granted. The content of Dr. Viscelli's report has not changed since October 14. PAM had an opportunity to object to the content of the report and did so. The Court gave detailed responses as to why each objected-to portion was admissible, and PAM has not offered any grounds, pursuant to Rule 60(b), for the Court to reconsider that portion of its order. Any new objections PAM now raises to the content of Dr. Viscelli's report should have been raised in its initial motion. Finally, PAM itself acknowledges that Dr. Viscelli's opinions deal with "core issues in the case," which PAM was aware would be relevant and on which PAM was free to designate an expert in compliance with the appropriate deadlines.

Therefore, PAM's Motion for Partial Reconsideration (Doc. 198) is **DENIED**.

**IT IS SO ORDERED** on this 30th day of December, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE