# EXHIBIT 1
# SUPPLEMENTAL DECLARATION OF DR. MATTHEW THOMPSON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| DAVID BROWNE, ANTONIO CALDWELL, and LUCRETIA HALL, on behalf of themselves and all those similarly situated, </br></br> Plaintiffs, </br></br> v. </br></br> P.A.M. TRANSPORT, INC., </br> 297 West Henri de Tonti Blvd. </br> Tontitown, AR  72770 </br></br> And </br></br> JOHN DOES, 1-10 </br> c/o P.A.M. TRANSPORT, INC. </br> 297 West Henri de Tonti Blvd. </br> Tontitown, AR  72770 </br></br> Defendants. | Case No. 5:16-cv-05366, TLB |

**SUPPLEMENTAL DECLARATION OF DR. MATTHEW R. THOMPSON**

I, Matthew Thompson, Ph.D., do hereby state and affirm as follows:

1. I am a labor economist experienced in the statistical analysis of employment practices, employment outcomes, and the computation of economic loss estimates in employment matters.  In this capacity I routinely work with company-specific Human Resources information systems, time-keeping and employer payroll data.  Using these data I am regularly retained to examine whether the data support allegations raised in Equal Employment Opportunity (EEOC, Title VII and ADA) matters, Office of Federal Contract Compliance Program (OFCCP) investigations, Fair Labor Standards Act (FLSA) and state wage and hour litigation matters, as well as estimate potential economic losses.

I completed the Ph.D. in Economics at the University of North Carolina – Chapel Hill in 1997. I am currently a Vice President and Practice Leader of Charles River Associates' (CRA) Labor and Employment practice, a position I have held since 2007.

2. I submitted a declaration in this matter on December 13, 2019 that reported last pay dates for a number of opt-ins. The date that I relied upon from the data was the pay period end date, typically a Friday, meaning that I identified opt-ins who never performed work during pay period within the three-year period prior to their filing date. The dates in my prior declaration accurately reflect the last pay period end dates for each individual listed in Exhibits 1 and 2.

3. It is my understanding that Plaintiffs' counsel contends that check date (the date that the check is issued or direct deposited to the driver) is more appropriate. If I were to use the check date rather than the pay period end date, then the following individuals from Exhibits 1 and 2 of my prior declaration filed consent forms within three years of their final check date: Rosalinda Bridges, Susan Hall, Jacob Martin, Timothy McDonald, William McMillan, Dorran Smith, Joel Urbina, Christopher Waits, Robert Gilreath. All other individuals listed in Exhibits 1 and 2 filed consent forms more than three years after their last check dates.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Executed this 29th day of December, 2019.

*Matthew Thompson*

Matthew R. Thompson, Ph.D.

NASHVILLE 27403-20 658734v1

2