IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID BROWNE, ANTONIO
CALDWELL, and LUCRETIA HALL,
on behalf of themselves and
others similarly situated                                          PLAINTIFFS

V.                          CASE NO. 5:16-CV-5366

P.A.M. TRANSPORT, INC., et al.                                     DEFENDANTS

## OPINION AND ORDER

The following motions currently before the Court have been fully briefed and are ripe for decision:

- Defendants' Motion for Partial Summary Judgment on FLSA Claims Based on Statute of Limitations (Doc. 146);[1]

- Defendants' Motion to Modify Certification Order of the Rule 23 Class (Doc. 154);[2]

- Defendants' Motion to Decertify FLSA and Rule 23 Classes (Doc. 156);[3]

---

[1] Defendants filed a Memorandum Brief (Doc. 147) and Statement of Facts in Support (Doc. 148). Plaintiffs filed a Response in Opposition (Doc. 171). Defendants filed a Reply (Doc. 176), and Plaintiffs filed a Sur-reply (Doc. 200). Defendants then filed a Notice of Supplemental Declaration of their expert, Dr. Matthew Thompson. (Doc. 203).

[2] Defendants filed a Memorandum Brief in Support (Doc. 155). Plaintiffs filed a Response in Opposition (Doc. 173), and Defendants filed a Reply (Doc. 184).

[3] Defendants also filed a Memorandum Brief in Support (Doc. 157), and Plaintiffs filed a Response in Opposition (Doc. 174). Plaintiffs filed a Motion to Strike the Declaration of Dustin Mixon (Doc. 187), which had been filed as an exhibit to Defendants' Brief at Doc. 157-3. On January 17, 2020, the Court issued an Opinion and Order striking the declaration. (Doc. 216). Defendants filed a Reply in support of their Motion (Doc. 189), and Plaintiffs filed a Sur-reply (Doc. 196). After the hearing held on January 17, 2020, at which this Motion was taken up, Plaintiffs filed a Notice of Supplemental Authority (Doc. 218). Defendants filed a Response to the Notice of Supplemental Authority (Doc. 220) and Plaintiffs filed a Reply (Doc. 221).

1

- Defendants' Motion to Dismiss Opt-Ins for Failing to Appear at Deposition or Participate in Discovery (Doc. 158);[4] and

- Defendants' Supplemental Motion for Summary Judgment on the Claims of Certain Opt-In Plaintiffs Based on Judicial Estoppel (Doc. 213).[5]

The Court took up these motions at an omnibus hearing on January 17, 2020. This Opinion and Order memorializes the Court's rulings from the bench and supplements where the Court did not rule during the hearing. To the extent that anything herein conflicts with what was stated from the bench, this Order will control.

## I. MOTION FOR PARTIAL SUMMARY JUDGMENT ON FLSA CLAIMS BASED ON STATUTE OF LIMITATIONS

Defendants seek summary judgment against Opt-In Plaintiffs whose claims are time-barred. In their initial motion, Defendants calculated the statute of limitations from date of termination. Plaintiffs pointed out in their Response that pursuant to Department of Labor ("DOL") regulations, violations of the Fair Labor Standards Act ("FLSA") accrue on pay day. See 29 C.F.R. § 790.21(b). Then in their Reply, Defendants calculated the statute of limitations from the last day of the workweek in which driver was terminated. Plaintiffs were granted leave to file a Sur-reply in which they argued that this still was not the right date and the list of time-barred Plaintiffs submitted by Defendants' expert was still not accurate. Finally, Defendants filed a Supplemental Declaration by their expert, Dr. Thompson, (Doc. 203), naming the individuals from the Defendants' prior list (at Doc. 176-

---

[4] Defendants also filed a Memorandum Brief in Support (Doc. 159). Plaintiffs filed a Response (Doc. 170), and Defendants filed a Reply (Doc. 190).

[5] The motion for summary judgment was first filed by Defendants at Doc. 151. In its Memorandum Opinion and Order of December 31, 2019, (Doc. 204), the Court directed the parties to file supplemental briefing identifying which Opt-In Plaintiffs, if any, were appropriately estopped from participation in this suit based on the discussion in the Court's order. Defendants then filed this Supplemental Motion, and Plaintiffs filed a Response in Opposition (Doc. 214).

2

1) who should *not* be excluded if the statute of limitations is calculated from the *pay day* for the final workweek rather than the last day of the final workweek. Plaintiffs do not dispute that some individuals' claims are time-barred, but they argue that since Plaintiffs' damages calculations do not assign any damages to those individuals, there is no reason for them to be dismissed. Additionally, Plaintiffs argue that since Defendants did not use the correct date to calculate the statute of limitations, they did not meet their burden and the Court should therefore deny their motion.

A plaintiff must have damages to have a claim. Individuals who are not entitled to damages because of the statute of limitations should be dismissed. However, since the damages calculations do not include claims outside the statute of limitations, there is no prejudice in waiting to dismiss any Opt-In Plaintiffs until the parties can make an accurate determination as to whose claims are truly barred by the statute of limitations. Defendants' Motion (Doc. 146) is **DEFERRED**, and the parties are directed to confer and make a good faith effort to determine where there is a factual disagreement as to the specific Opt-In Plaintiffs who are time-barred. The parties should then provide a status report to the Court focused on those remaining disagreements no later than **January 31, 2020**.

## II. MOTION TO MODIFY CERTIFICATION ORDER OF THE RULE 23 CLASS

Defendants seek modification of the Court's Memorandum Opinion and Order of January 25, 2019 (Doc. 102) certifying the Rule 23 class. Defendants ask the Court to close the class as of September 25, 2018, because on the following day, P.A.M. Transport ("PAM") began including a class and collective action waiver in its employment contracts. Defendants argue that the Supreme Court's holding in *Epic Systems Corp. v. Lewis*, 138

3

S.Ct. 1612 (2018), makes class and collective action waivers enforceable in both arbitration agreements and other contracts.

Plaintiffs emphasize that Defendants did not disclose this waiver until the Motion was filed on November 4, 2019, in violation of Federal Rule of Civil Procedure 26. And on February 12, 2019, both parties stipulated to notice to putative class members that informed them of their right to opt in to the FLSA class and opt out of the Rule 23 class for "any and all over-the-road truck drivers employed by P.A.M. Transport at any point between December 9, 2013 and February 15, 2019" without mention of a class action waiver. (Doc. 109-1). Additionally, Defendants have not filed any contracts signed by any Plaintiffs in this case, nor disclosed whether any Plaintiffs followed the procedure for opting out of the waiver.

Defendants argued at the hearing that they did not disclose the waiver at the time the notice was sent out because they were obligated to issue notice in compliance with the Court's order and the Court would be able to modify the class after notice was sent. They argue that since their Motion for modification was timely filed, there was no prejudice to Plaintiffs. Defendants do not dispute that November 4, 2019, was the first time Plaintiffs were informed about PAM's use of this waiver but assert that they offered Plaintiffs the opportunity to take a deposition regarding the waiver after the Motion was filed, which Plaintiffs declined.

The Court finds that granting this Motion would be a material alteration of the class definition. While modifications are common and appropriate to make the disputed issues conform to the evidence after discovery, that is not what Defendants seek here. PAM's new employment contract containing the class and collective action waiver should have

4

been provided to Plaintiffs in September 2018 when there was still a reasonable opportunity for Plaintiffs to engage in discovery regarding the waiver. While the Court will not make an explicit finding that the Defendants' failure to disclose the waiver was strategic, the Court can see no excuse for it. Therefore, the Court finds that Defendants' disclosure of this class and collective action waiver in November 2019 is untimely and a discovery violation, and the Defendants' Motion (Doc. 154) is **DENIED**.[6]

### III. MOTION TO DECERTIFY FLSA AND RULE 23 CLASSES

With this Motion, Defendants seek decertification of both the FLSA and Rule 23 classes. They seek decertification of the FLSA class based on a DOL Opinion Letter published July 22, 2019. They also seek decertification of the Rule 23 class pursuant to a September 20, 2019 Opinion Letter from the Arkansas Department of Labor ("ADOL"). Finally, Defendants argue that discovery has brought to light additional evidence that should cause the Court to revise its finding as to the predominance of common questions of law or fact over individual questions in the Rule 23 class.

In October 2018, this Court issued a Memorandum Opinion and Order on PAM's Motion to Dismiss (Doc. 82) interpreting the interaction of 29 C.F.R. §§ 785.22 and 785.41. The Court concluded that though 29 C.F.R. § 785.41 is silent as to whether time spent in the sleeper berth should be counted as hours worked, § 785.22(a) resolves the ambiguity by requiring that sleeper berth time over 8 hours be compensated during shifts

---

[6] While not the basis for the Court's decision, the Court also observed that it does not believe *Epic Systems* is controlling in this context. *Epic Systems* is part of a body of Supreme Court jurisprudence related to the enforceability of arbitration agreements and class action waivers contained therein, but there is no indication in that line of cases that the Supreme Court would hold a waiver by contract between private parties to supersede the Federal Rules of Civil Procedure in a federal court.

5

of 24 hours or longer. Therefore, the Court concluded, no deference to DOL interpretation was warranted, *see id.* at 10–11, though the Court noted that it was "comforting to see that DOL's interpretation accords with this Court's own." *Id.* at 11.

On July 22, 2019, the Wage and Hour Division ("WHD") of the DOL published an Opinion Letter withdrawing its previous opinions on this topic and declaring that § 785.22 refers to on duty sleeping time and § 785.41 refers to non-compensable sleeping time. 2019 WL 3345452, at *3 (2019). Under this interpretation, truck drivers are not entitled to compensation for sleeper berth time during which they are permitted to sleep, no matter how long it is. WHD asserted that treating driver sleeper berth time as compensable is "unnecessarily burdensome for employers." *Id.* In light of this new WHD Opinion Letter, Defendants ask the Court to revisit its earlier holding and decertify the FLSA class.

Pursuant to *Auer v. Robbins*, 519 U.S. 452 (1997) and *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), deference to agency interpretation of a regulation is only appropriate when the regulation is genuinely ambiguous after the application of standard tools of interpretation, and even then, only if the agency's interpretation is "authoritative, expertise-based, fair, or considered judgment." *Kisor* at 2414. Since the Court found no reason to defer to DOL previously, it need not defer to a novel WHD opinion now. Therefore, the Court will not revisit its holding interpreting the DOL regulations.[7]

---

[7] Additionally, the two district courts that have evaluated how much weight to give the WHD's Opinion Letter found that the Opinion Letter lacks the necessary indicia that it reflects the "fair and considered judgment" of the agency. *Kisor* at 2417. *See Montoya v. CRST Expedited, Inc.*, 404 F. Supp. 3d 364, 395 (D. Mass. 2019) (applying *Kisor* to the WHD Opinion Letter and determining that no deference is warranted); *Julian v. Swift Transp. Co., Inc.*, Order of Dec. 10, 2019 (Doc. 215-1) (same). This Court is inclined to agree with the courts' discussions in *Montoya* and *Swift*.

6

After the WHD announced its new interpretation of the federal regulations, the President of the Arkansas Trucking Association inquired with the Arkansas Department of Labor ("ADOL") whether the state agency would take the same position under the AMWA to determine the compensability of time spent in sleeper berth status. In a letter dated September 30, 2019, the ADOL responded that, pursuant to Administrative Rule 010.14.1-112, which permits the ADOL to rely on federal DOL interpretations in interpreting and applying the provisions of the AMWA, the state agency would follow the DOL's interpretation "unless there is a need to change as a result of a change in the [federal DOL's] interpretation; a change in the statutory language of AMWA; or applicable case law." (Doc. 157-4).

Defendants argue that even if the Court does not find the *federal* WHD Opinion Letter deserving of deference under the *federal* standard, the Court should nevertheless defer to the *state* agency's Opinion Letter under the *state* standard for deference to agency action. As a federal court exercising supplemental jurisdiction over Plaintiffs' state law claims, this Court is bound by the Erie doctrine to apply the level of deference that would be given to this letter from the ADOL under state law. Arkansas state regulations §§ 010.14.1-108(D)(3)(a) and 108(F)(7) are identical to 29 C.F.R. §§ 785.22 and 785.41 respectively. Defendants appear to assume that a state court determining the level of deference to give ADOL's Opinion Letter would conclude that the letter is an interpretation of those state regulations that correspond to the federal regulations discussed in the WHD letter. Because federal courts have interpreted the same language in the FLSA in different

ways,[8] a state court, Defendants contend, would find the state regulatory language ambiguous, and ADOL's interpretation of those regulations as laid out in the ADOL letter would be entitled to great deference under state law.

In response, Plaintiffs argue that the ADOL is not interpreting any provision of the AMWA but simply applying Ark. Admin. Rule 010.14.1-112. The letter states the general rule that the ADOL will make employers' obligations consistent under the AMWA and the FLSA. Furthermore, the letter notes that the ADOL's professed intent to follow the DOL's interpretation can be modified by a change in the applicable case law. This Court's interpretation of the applicable FLSA regulations as unambiguous and its decision not to defer to the WHD's interpretation, Plaintiffs argue, is such a change that would cause the ADOL to revisit its decision to follow the WHD's interpretation. Furthermore, the letter indicates that ADOL's intent is to "provide employers and employees the same interpretation at the state and federal level," (Doc. 157-4), which is undermined if this Court reaches conflicting holdings under the FLSA and the AMWA. In this context, Plaintiffs assert, a state court would not follow the ADOL Opinion Letter because it would violate the basic principle, laid out in Ark. Admin. Rule 010.14.1-112, that the AMWA and the FLSA should generally be interpreted in tandem. Finally, Plaintiffs suggest that even if the ADOL Opinion Letter were an agency interpretation, it would not be entitled to deference under state law because of the "scant record" and the fact that these

---

[8] *Compare Montoya*, 404 F.Supp.3d at 395; *Julian v. Swift Transp. Co.*, 360 F.Supp.3d 932, 952 (D. Ariz. 2018); *Browne v. P.A.M. Transport, Inc.*, 2018 WL 5118449, at *5 (W.D. Ark. Oct. 19, 2018), with *Petrone v. Werner Enters., Inc.*, 2017 WL 510884, at *5 (D. Neb. Feb 2, 2017); *Nance v. May Trucking Co.*, 685 F. App'x 602, 605 (9th Cir. 2017).

8

regulations have "not been previously subjected to judicial scrutiny or time-tested agency interpretations." *Ark. State Med. Bd. v. Bolding*, 920 S.W.2d 825, 829 (Ark. 1996).

The Court took the parties' arguments under advisement at the omnibus hearing and is now ready to rule. The Court is not persuaded by Defendants' premise that the ADOL letter interprets Ark. Admin. Code §§ 010.14.1-108(D)(3)(a) and 108(F)(7). Nowhere does the letter analyze the text of, or even mention, either provision. Instead, the letter simply expresses ADOL's policy of interpreting the AMWA in conformance with the FLSA and its intention to abide by that policy by following interpretations by the federal DOL. The letter quotes not Ark. Admin. Code §§ 010.14.1-108(D)(3)(a) or 108(F)(7) but § 010.14.1-112 regarding the interpretation and application of rules. Further, the letter declares that "it has long been the department's enforcement policy to follow the interpretations of the [DOL] . . . in order to provide employers and employees the same interpretation at the state and federal level." Therefore, this Court understands the letter to be not an agency interpretation to reconcile ambiguous regulatory language but the application of its policy to make the AMWA parallel the FLSA to the greatest extent possible to provide consistency in enforcement.

This situation calls to mind *Gerber Prods. Co v. Hewitt*, 492 S.W.3d 856 (Ark. 2016). The Arkansas Supreme Court confronted a situation in which the AMWA was silent where the FLSA had an explicit provision and "decline[d] to engraft this [FLSA] exception into the AMWA." *Id.* at 864. In the next legislative session, the Arkansas General Assembly explicitly overturned the holding of the state supreme court so that the AMWA would remain consistent with the FLSA. *See* Act of Apr. 5, 2017, sec. 5. This Court will

therefore apply the AMWA consistently with its interpretation of the FLSA and will not decertify the Rule 23 class.[9]

Finally, Defendants argue that the Court should revisit its holding regarding predominance in its Memorandum Opinion and Order of January 25, 2019 (Doc. 102) because discovery has shown that the question whether drivers are always on duty while on a tour requires an individualized inquiry into, for example, whether drivers are in a secure location while in the sleeper berth, whether they drive off route for personal reasons, and whether they actually respond to messages from PAM while in the sleeper berth. None of the evidence from discovery offered by Defendants, however, changes the Court's prior ruling on this issue. Defendants raised the same issues of individual variation and inaccuracy of time logs as reasons class resolution was not appropriate in their initial opposition to certification of a Rule 23 class. Defendants present nothing to call into question the Court's holding that Defendants' argument "ignores Plaintiffs' theory of the case, under which it simply does not matter" what a given class member was doing at a particular point during the 24-hour period. (Doc. 102, p. 8). Rather, "Plaintiffs intend to prove that, pursuant to PAM's own policies, when PAM's truck drivers were on the road for at least 24 hours they were 'on duty' for that entire period, regardless of how their time was logged." *Id.* at 8–9. Therefore, the Court finds that class-wide questions of law or fact

---

[9] After the hearing, Plaintiffs' counsel sought clarification from the ADOL *via* email and filed the response in a Notice of Supplemental Authority. (Doc. 218). Defendants filed a Response challenging the propriety and significance of the ADOL's email, and Plaintiffs filed a Reply. (Docs. 220 & 221). Since the Court reaches its decision without reliance on any of these supplemental filings, it will not weigh in on the parties' arguments regarding the appropriateness of and weight due to this communication.

continue to predominate over questions affecting only individual members, and decertification is not appropriate.

Defendants' Motion to Decertify (Doc. 156) is **DENIED** as to both the FLSA and Rule 23 classes.

## IV. MOTION TO DISMISS OPT-INS FOR FAILING TO APPEAR AT DEPOSITION OR PARTICIPATE IN DISCOVERY

In their initial brief on this Motion, Defendants argued that three categories of Plaintiffs should be dismissed as a sanction pursuant to Rule 37(b): Plaintiffs who affirmatively refused to be deposed; those who never responded to the request to schedule a deposition; and those who did not appear for noticed depositions without an excuse. Defendants asserted that the Court's Order of June 7, 2018 (Doc. 63) permitted them to select the Opt-In Plaintiffs they would depose and these Plaintiffs' failure to appear denied them that opportunity. The Plaintiffs who opted in were informed that they could be required to participate in discovery and depositions, and they breached their obligation to do so. Defendants named in their brief the Plaintiffs who affirmatively refused to be deposed (Doc. 159, p. 4 n.5). Other Plaintiffs were listed in a "spreadsheet of uncooperative witnesses" that appears at Doc. 159-1.

In response, Plaintiffs emphasized that the Court's order required Plaintiffs to provide 30 deponents and Plaintiffs complied. Plaintiffs also pointed out that the list filed by Defendants contains far more than 30 names when Defendant was only entitled to 30 depositions, and some people on the list *were* deposed or had their depositions cancelled by Defendants. Additionally, because depositions had to be scheduled quickly, some Plaintiffs were not deposed because they were not in the first 30 to respond, not because they failed to respond altogether or refused to participate. Finally, Plaintiffs argued that

11

courts have only imposed the sanction of dismissal after a noncompliant plaintiff has been the subject of a court order or otherwise warned of the risk of termination.

At the hearing, Plaintiffs' counsel conceded that there were Plaintiffs whose depositions were scheduled and noticed but who did not appear. Plaintiffs argued that if the Court did find it appropriate to sanction some individuals, a more appropriate remedy than complete dismissal was simply to strike the FLSA opt-in form, since it was opting in that made the individual discoverable. Also at the hearing, Defendants clarified that they seek dismissal of those Plaintiffs listed on pages 3 and 4 of their Reply Brief (Doc. 190), not all the Plaintiffs listed in the "spreadsheet of uncooperative witnesses." Defendants conceded that they have no evidence of gamesmanship by Plaintiffs' counsel or material prejudice but argued that they are prejudiced nevertheless because they cannot know what they did not learn from someone who did not respond to a request for a deposition.

There is prejudice to the defendant when a plaintiff does not appear for a deposition that was scheduled and noticed because the parties have expended significant time and resources in preparing and appearing for the deposition. As identified by the Defendants, the Opt-In Plaintiffs who were scheduled, noticed, and failed to appear are: Katie Alexander, Mark Kelley, William Maas, Calvin Speicher, and Dorian Parsley. Plaintiffs' counsel is directed to verify this with their own records and confirm with the Court by January 31, 2020 that these individuals did not appear for a noticed deposition. The Court will issue a show cause order to those individuals directing them to show cause as to why they should not be sanctioned for failing to appear at a noticed deposition. Plaintiffs' counsel should use their best efforts to make sure that the individuals receive these show cause orders. If any individual does not show cause, the Court will bar the

individual's recovery of an amount up to what their FLSA damages would have been, to be deducted from any recovery on other claims awarded by the Court or the jury.

The Court finds that no sanction is appropriate for Opt-In Plaintiffs whose depositions were never scheduled because there is no evidence of material prejudice to the Defendant. Defendant was limited to 30 depositions and was permitted to choose which Opt-Ins to depose. In the Court's telephone conference with the parties regarding depositions on July 23, 2018, however, it made clear that Defendants were to provide Plaintiffs with lists of more than 30 names or even categories of Opt-In Plaintiffs from which to draw as they attempted to schedule these depositions in a timely manner. *See* Doc. 166, p. 30–31. Defendants were able to depose 30 Opt-In Plaintiffs from these lists by the discovery deadline and have not provided any evidence of material prejudice. Therefore, Defendants' Motion to Dismiss (Doc. 158) is **DENIED**, but the Court will require Plaintiffs who did not appear for noticed depositions to show cause and impose sanctions if appropriate, as described above.

## V. SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT ON THE CLAIMS OF CERTAIN OPT-IN PLAINTIFFS BASED ON JUDICIAL ESTOPPEL

Defendants initially filed for summary judgment on the claims of Named Plaintiff Antonio Caldwell and 48 Opt-In Plaintiffs based on judicial estoppel. (Doc. 151). They asked the Court to find Plaintiffs who had filed for bankruptcy without disclosing their participation in this litigation estopped. On December 31, 2019, the Court issued a Memorandum Opinion and Order (Doc. 204) denying summary judgment as to Named Plaintiff Caldwell and laying out circumstances under which estoppel would or would not be appropriate as to Opt-In Plaintiffs. Most relevant here, the Court held that judicial estoppel was "appropriately applied to Plaintiffs who had debt discharged by the

bankruptcy court without having disclosed their participation in this litigation," (Doc. 204, p. 11), but was not appropriate as to "Plaintiffs who have had their bankruptcies dismissed without a discharge of debt." *Id.* at 12. The Court directed the parties to determine, based on the Court's Order, the Plaintiffs to whom the doctrine of judicial estoppel was applicable and make a joint filing, or if the parties could not agree, to separately brief the issues and file the applicable bankruptcy records so that the Court could rule.

On January 10, 2020, the Defendants filed a list of 9 Opt-In Plaintiffs whom they asserted had debt discharged by the bankruptcy court and never disclosed their participation in this litigation in their bankruptcy filings. (Doc. 213). Plaintiffs filed a separate response in opposition. (Doc. 214). The bulk of Plaintiffs' arguments in this opposition center around Defendants' failure to make a showing that the 9 Plaintiffs' failure to update their bankruptcy filings was due to an intent to mislead the Court rather than inadvertence. The Court finds these arguments unpersuasive in this context. Where a plaintiff has had significant debt discharged without disclosing pending civil claims to the bankruptcy court, she has received an unfair advantage because the trustee did not have the option to claim a portion of any recovery for Plaintiffs' unsecured creditors. The Court can therefore conclude that if the plaintiff were permitted to recover in this action, her "inconsistent behavior will result in a miscarriage of justice" vis-à-vis her unsecured creditors. *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1049 (8th Cir. 2006).

As the Court noted at the hearing, however, two of the individuals listed by Defendants actually had their bankruptcies dismissed without discharge. *See* Docs. 213-8 & 213-10. These individuals did not have any debt discharged without payment during their bankruptcy proceedings. Therefore, under the reasoning of the Court's prior

14

order on this matter, judicial estoppel is not appropriately applied to Michael Hawkins or Tammy Thompson. Defendants' Motion (Doc. 213) is **GRANTED IN PART AND DENIED IN PART**. It is granted as to Bradley Creech, Jason DeGroot, Rodney Eddings, Richard Gifford, Leslie Griggs, Jason Gunter, and Steven Redmond, who are hereby estopped and dismissed from this suit. It is denied as to Michael Hawkins and Tammy Thompson.

## VI. CONCLUSION

For the reasons given above, Defendants' Motion for Partial Summary Judgment on FLSA Claims Based on Statute of Limitations (Doc. 146) is **DEFERRED**, and the parties are directed to provide a status report to the Court as to which Opt-In Plaintiffs, if any, there is a dispute factual dispute whether their FLSA claims are barred by the statute of limitations no later than **January 31, 2020**. Defendants' Motion to Modify Certification Order of the Rule 23 Class (Doc. 154) is **DENIED**. Defendants' Motion to Decertify FLSA and Rule 23 Classes (Doc. 156) is **DENIED**. Defendants' Motion to Dismiss Opt-Ins for Failing to Appear at Deposition or Participate in Discovery (Doc. 158) is **DENIED**. Plaintiffs' counsel is directed to confirm by **January 31, 2020** the names of those Opt-In Plaintiffs who did not appear for scheduled and noticed depositions so that the Court may issue a Show Cause Order. Defendants' Supplemental Motion for Summary Judgment on the Claims of Certain Opt-In Plaintiffs Based on Judicial Estoppel (Doc. 213) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED** on this 24th day of January, 2020.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE