IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| DAVID BROWNE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>P.A.M. TRANSPORT, INC., *et al.*<br><br>Defendants. | Civil Action No.: 5:16-cv-05366-TLB |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION SEEKING
RECONSIDERATION OF THE COURT'S PRIOR *DAUBERT* RULINGS (Doc. 242)**

The Court should deny Defendant's motion *in limine* which seeks, *for a third time,* the exclusion of certain testimony of Dr. Steve Viscelli and portions of his report, because – as the Court has already found – the testimony and report are "rooted in his specialized knowledge as an expert" and "informed by his expertise." (Doc. 175, p. 11).[1]

**I.      Legal Standard**

The Eighth Circuit views motions for reconsideration as "nothing more than Rule 60(b) motions when directed at non-final orders." *Elder-Keep v. Aksamit*, 460 F.3d 979, 985 (8th Cir. 2006). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotations and citations omitted). A motion for reconsideration may "not to be used to introduce new evidence that could have been adduced during pendency

---

[1] Due to the significant page limitations in opposing Defendant's untimely, third *Daubert* motion (but subject to the three-page limit of general evidentiary challenges), Plaintiffs are unable to provide a full response to Defendant's motion. Though Defendant's brief is also short, Defendant highlights significant portions of Dr. Viscelli's Report and Deposition and states generically and without support that such testimony is speculative or conclusory. Plaintiffs cannot respond point-by-point, and the Court should not either.

1

of the motion at issue.  A motion for reconsideration is also not the appropriate place to tender new legal theories for the first time." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010).

## II.     Relevant Background and Argument.

On November 4, 2019, Defendant moved to exclude Dr. Viscelli. (Doc. 150). Defendant claimed his opinions are either unreliable or common sense, and that his report does not rebut the opinions of Dr. Thompson. (Doc. 150). Defendant, however, agreed that Dr. Viscelli "may potentially qualify as a trucking industry expert." (Doc. 150, p. 12). Plaintiffs filed their opposition to the motion on December 3, 2019. (Doc. 172).

On December 16, 2019, the Court denied Defendant's motion to exclude, providing detailed responses as to why each objected-to portion was admissible. (Doc. 175). In so ruling, the Court noted that Dr. Viscelli's admissibility as a trucking industry expert "is not disputed" (Doc. 175, p. 9, *citing* Doc. 150, p. 12). The Court then explained the basis for admitting Dr. Viscelli's opinions:

> Dr. Viscelli offers his professional opinion, rooted in his specialized knowledge as an expert, to concur in the conclusions of another expert. The Court does not find, nor has PAM directed it to, any opinions on issues of fact or credibility that are not informed by Dr. Viscelli's expertise and offered in his role as a rebuttal expert witness.

(Doc. 175, p. 11).

On December 24, 2019, Defendant moved for reconsideration of the Court's December 16, 2019, ruling. (Doc. 198). This was Defendant's second bite at the apple.  On December 30, 2019, the Court again ruled against Defendant's efforts to exclude Dr. Viscelli. (Doc. 202). The Court explained that while, in its previous ruling, it had given detailed responses as to why

each objected-to portion was admissible, Defendant has "not offered any grounds, pursuant to Rule 60(b), for the Court to reconsider [its prior ruling]."

As a third bite at the apple, Defendant now asks for reconsideration of the Court's first two rulings relative to Defendant's motions to exclude Dr. Viscelli. However, Defendant is not entitled to a third bite at the apple, where it does not and cannot claim that there has been change in law or fact since its first motion challenging Dr. Viscelli on *Daubert* grounds (the only of the three that was timely). *See supra.*[2]

Defendant asserts that the opinions and conclusions of Dr. Viscelli are "conclusory, speculative, and not grounded in fact." Defendant is wrong.

Defendant agreed that Dr. Viscelli's expertise renders him a "trucking industry expert" (Doc. 175, p. 9, *citing* Doc. 150, p. 12). His opinions are "rooted in his specialized knowledge as an expert," and are "informed by his expertise." (Doc. 175, p. 11). Moreover, "Dr. Viscelli is qualified to offer his opinion on all topics covered by his report, and his report is sufficiently reliable and offers appropriate conclusions." (Doc. 175, p. 11). Accordingly, Defendant's assertion – that Dr. Viscelli's testimony should be excluded as "conclusory, speculative, and not grounded in fact" – falls flat.

### III. Conclusion.

For the reasons set forth herein, Defendant's motion *in limine* to exclude certain testimony of Dr. Viscelli and strike certain portions of his report, should be denied. Dr. Viscelli's testimony and report are "rooted in his specialized knowledge as an expert" and "informed by his expertise," (Doc. 175, p. 11).

---

[2] Defendant states it is filing its third motion on the same issue is to "reserv[e] its right to appeal." (ECF Doc. 231-1, fn 1). The Court should not allow PAM to file the same motion multiple times to perfect its "perseveration" argument on appeal. The Court should thus deny Defendant's motion for reconsideration on Rule 60(b) grounds alone: neither the law nor the facts have changed, and consequently, Defendant is not entitled to relief.

                                                  Respectfully Submitted,

                                                  */s Justin L. Swidler*

                                                  Justin L. Swidler, Esq.
                                                  Richard S. Swartz, Esq.
                                                  Travis Martindale-Jarvis, Esq.
                                                  Joshua S. Boyette, Esq.
                                                  Swartz Swidler, LLC
                                                  1101 N. Kings Highway Ste 402
                                                  Cherry Hill, NJ 08034
                                                  Phone: 856-685-7420

Date:   February 6, 2020