IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID BROWNE, ANTONIO
CALDWELL, and LUCRETIA HALL,
on behalf of themselves and
others similarly situated                                    PLAINTIFFS

V.                         CASE NO. 5:16-CV-5366

P.A.M. TRANSPORT, INC., et al.                               DEFENDANTS

### AMENDED ORDER

The parties in this matter have filed an update as to the status of the administration of the settlement agreement. The parties indicate that there are sufficient funds remaining in the settlement fund to warrant a second distribution among class members. Upon consideration of the parties' requests and the terms of the settlement agreement in this matter, see Doc. 279-1, the Court hereby **ORDERS** as follows.

1. The settlement agreement provides that "the final accounting and donations shall occur one year after the last settlement check is mailed." (Doc. 279-1, p. 9, ¶ 3.1(D)). The Court understands this to refer to one year after the settlement administrator, Angeion, mailed the first round of checks to class members on September 4, 2020. The Court does not understand this time period to restart every time a class member requests a check to be reissued; if it did, a final accounting might never take place. The Court has the same concern about the parties' request that the second distribution be delayed until a 30-day period has elapsed during which no class member has requested that a settlement check be reissued—in theory, a second distribution might never take place. The Court therefore directs that the parties abide by the plain language of the settlement

1

agreement and orders Angeion to begin conducting a second distribution on September 7, 2021.

2. To safeguard the rights of class members who have not cashed their checks from the first distribution and may request such checks to be reissued, the Court directs that an additional $50,000 from the settlement fund be allocated to the reserve fund, for a total of $100,000. This balance should be used to fund any request by a class member for a first-round check beginning on September 7, 2021.

3. Angeion is directed to issue the second distribution as an equal payment to each class member who cashed a first check before September 7, 2021, to be reported as non-wage 1099 income.

4. Subject to the same procedures laid out in paragraph 2.12 of the settlement agreement, class members may request that second-round checks be reissued so long as funds remain in the settlement fund and have not been otherwise allocated or donated *cy pres*.

5. A letter shall be included with each second check advising the recipient that PAM is not responsible for the calculation of the check and that questions regarding the payment and the litigation should be directed to class counsel or Angeion.

6. An additional $45,000 shall be set aside to cover Angeion's fees and costs in administering this second distribution, bringing the maximum compensation Angeion may seek up to $169,500. The Court also authorizes payment to Angeion in the amount of $117,737.14 for services performed thus far. This authorization is made without prejudice to Angeion seeking payment for additional services in the future, not to exceed $51,762.86.

7. The parties are directed to file an updated accounting on or before March 7, 2022.

**IT IS SO ORDERED** on this 11th day of May, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE