IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID BROWNE, ANTONIO
CALDWELL, and LUCRETIA HALL,
on behalf of themselves and
others similarly situated                                          PLAINTIFFS

V.                       CASE NO. 5:16-CV-5366

P.A.M. TRANSPORT, INC., et al.                                     DEFENDANTS

## ORDER REGARDING PAYMENT OF SETTLEMENT FUNDS

Now before the Court is the parties' Joint Status Report on Settlement Distribution (Doc. 315), filed on April 11, 2022. They report the following:

- 2,687 checks totaling $283,075.45 were not cashed and are no longer valid, and those funds are currently in the main trust account;

- 22 second payment checks remain valid and uncashed, totaling $2,317.70; and

- $85,730.49 remains in the reserve account.

Plaintiffs note that since the beginning of the settlement period, less than $15,000.00 has been used from the reserve account. Therefore, to maximize the possibility of a third payment to the class members, Plaintiffs propose that the reserve account be reduced to $25,000.00 and the excess funds be transferred to the main trust account.

Plaintiffs represent that the cost for the claims administrator, Angeion, to administer a third settlement distribution will be no more than $35,940.00. Accordingly, if each of the 10,453 class members who cashed their second checks receive a third

1

distribution from the main trust account, each additional payment will be approximately $29.00.

Defendants contend this payment is too small to be particularly meaningful. Further, they point out that the distribution of settlement funds in this case has dragged on for nearly two years. Defendants remind the Court that unclaimed funds from the reserve fund were intended to be donated to the *cy pres* recipient, the St. Christopher Fund, and "it was PAM's reasonable expectation that the distribution of the settlement funds would be complete and this matter concluded by now, almost two (2) years after the Court approved the Settlement Agreement." (Doc. 315, p. 3). Defendants would rather avoid "unduly delay[ing] final resolution of this matter" with another distribution of "small sums" to the class members. *Id.* at p. 4.

The Court disagrees with Defendants and finds it appropriate to issue a third settlement payment to the 10,453 class members who cashed their second checks. With respect to unclaimed settlement funds, the Court observed the following in its order granting final settlement approval:

> The settlement agreement proposes that any unclaimed funds from the settlement be donated to the St. Christopher Truckers Development and Relief Fund. The Eighth Circuit acknowledges that "[i]n the class action context, it may be appropriate for a court to use *cy pres* principles to distribute unclaimed funds." *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 866 (8th Cir. 2017) (quoting *In re Airline Ticket Comm'n Antitrust Litig.*, 307 F.3d 679, 682 (8th Cir. 2002)). However, "*cy pres* distribution to a third party of unclaimed settlement funds is permissible only when it is not feasible to take further distributions to class members . . . ." *In re BankAmerica Corp. Securities Litig.*, 775 F.3d 1060, 1064 (8th Cir. 2015) (internal quotation marks omitted). Further distributions are not required where "the amounts involved are too small to make individual distributions economically viable." *Id.* at 1065 (quoting Am. Law Inst., Principles of the Law of Aggregate Litigation § 3.07(a) (2010)). "In such a case, the unclaimed funds should be distributed for a purpose as near as possible to the legitimate objectives underlying the lawsuit, the interests of class members, and the interests of

> those similarly situated." *Caligiuri*, 855 F.3d at 866. The Eighth Circuit directs that "*cy pres* distributions simply must be for the next best use for indirect class benefit, and for uses consistent with the nature of the underlying action and with the judicial function." *Id.* at 867 (internal quotation marks omitted).

(Doc. 300, pp. 6–7).

The Court finds the amount of the proposed third settlement distribution is not "too small to make individual distributions economically viable." *Id.* at p. 7. Defendants' frustration that the settlement distribution process is taking a bit longer than expected is duly noted but not of particular concern to the Court. The Court's responsibility is to make certain that the remaining settlement funds are made available, first, to the class, and second, to the *cy pres* recipient—not the other way around. Moreover, Defendants have offered no reason why they would suffer prejudice if a third distribution were approved.

**IT IS THEREFORE ORDERED** as follows:

- that the reserve account be reduced to $25,000.00 and the excess funds be transferred to the main trust account;

- that Angeion issue a third, equal distribution from the main trust account to the 10,453 class members who cashed their second settlement checks; and

- that Angeion be permitted to bill the settlement fund for services related to the third distribution by an additional amount not exceeding $35,940.00.

It is the Court's expectation that the third settlement distribution will be the last unless the parties advise otherwise in writing by no later than **July 12, 2022**. After the

third settlement distribution is complete, the amount remaining in the reserve fund and main trust account (combined) should be paid to the designated *cy pres* recipient.

**IT IS SO ORDERED** on this 19th day of April, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE