IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID BROWNE, ANTONIO
CALDWELL, and LUCRETIA HALL,
on behalf of themselves and
others similarly situated                                                                           PLAINTIFFS

V.                                          CASE NO. 5:16-CV-5366

P.A.M. TRANSPORT, INC., et al.                                                              DEFENDANTS

## ORDER REGARDING SETTLEMENT FUNDS

On October 6, 2022, the Court filed a "Final Order Regarding Payment of Settlement Funds." (Doc. 321). It should go without saying that the Court intended this Order to be the last one filed in this case. The Order directed that a final check be cut to the settlement fund's administrator, Angeion; ordered Angeion to make any last payments from the fund to class members for a period of 90 days; and, after that 90-day period expired, instructed the parties to donate any remaining settlement funds to the *cy pres* recipient, the St. Christopher's Fund. The Order further directed the parties to file "a final accounting of disbursements and a receipt evidencing proof of payment of the *cy pres* funds to the St. Christopher's Fund by no later than February 6, 2023." *Id.*

On February 6, Plaintiffs' counsel asked for 30 more days to provide an accounting and proof of payment to the St. Christopher's Fund. *See* Doc. 322. Counsel advised that "the last checks [to the class members] were issued in early December 2022." *Id.* The Court granted the extension. *See* Doc. 323. On March 6, 2023, Plaintiff's counsel filed yet another status report (Doc. 324)—*and not the accounting and proof of payment that the Court ordered*. According to the March status report, Angeion incurred another $2,239.42 in administration fees since the Court's last Order. In addition, Angeion's

1

Senior Project Manager stated in a Declaration that Angeion expected to charge the settlement fund another $24,665.10 in fees and expenses for "tax reporting work." (Doc. 324-1, ¶ 13).  Angeion explained that when class members' checks were not cashed, Angeion was required to void any individual W2s and 1099 that had been issued. Angeion was also required to file amended tax reports in 48 states and prepare tax reports for the fund for 2021, 2022, and 2023.  *See id.* at ¶ 14.  Finally, Angeion requested that $5,862.76 in settlement funds be held in reserve "for any unknown tax requirements and/or for any class member reissue requests." *Id.* at ¶ 16.

Having considered the above requests, **IT IS ORDERED** as follows:

(1) No further settlement checks are to be reissued to class members;

(2) Angeion is to immediately receive $2,239.42 in payment for work it performed to date;

(3) The St. Christopher's Fund is to immediately receive a check for $65,000 from the settlement fund;

(4) Angeion is to present and cause to be filed by **July 7, 2023** a *final request for payment* from the settlement fund and an accounting of the $5,862.76 set aside for future tax penalties.

(5) **No further extensions of any kind will be granted.**

After the final request and accounting are received, the Court will order final payments to be made to Angeion and the St. Christopher's Fund.  Counsel is admonished to understand and comply with the Court's directives to bring this matter to an end.  Failure to do so may result in Counsel being held personally responsible for Angeion's never-ending stream of fee requests.

**IT IS SO ORDERED** on this 7th day of April, 2023.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE